### E. RANSOM v. W. & N. McCLEES, and others.

A creditor of one deceased, by note, (there being no other debt of equal or higher dignity) became purchaser at a sale by the administratrix, and gave bond on that account (in an amount less than that of his claim), and this bond constituted the whole assets of the estate; after the bond became due, the administratrix, who, with her sureties, was then insolvent, assigned it by endorsement, for value, to one who was, to a small amount, creditor of the estate by account. *Held*, that the creditor by note was entitled to bring in his debt, by a counterclaim, against an action upon his bond, whether by the administratrix or her assignee.

*Arguendo:* It seems that, under the present Code, his right would be the same, even if the administratrix had not been insolvent.

Under the present Code, if a demurrer by the defendant be overruled, judgment is to be given as if no defence had been made (§§ 217 and 243), unless the defendant obtain leave to plead over (§ 131).

If a party answer and also demur *to the same cause of action,* the answer overrules the demurrer; but pleadings in which a party *answers to some and demurs to others of the allegations made in support of any one cause of action,* are erroneous : Section 96 of the Code applies

2

only where a complaint or answer contains several causes of action or grounds of defence.

A parol agreement by an administrator, that if a certain creditor will pay costs, &c., the former will allow his claim as a set-off against a debt due to the administrator upon a purchase of the assets after the death of the deceased, is void under the Statute of Frauds.

A verdict "that one note shall off-set the other," where the defendant's note is the larger, is a verdict for the defendant.

A Judge is not bound to take for granted (at the suggestion of counsel, based upon the form of the verdict) that the jury did not understand his instructions, and therefore to repeat them.

ACTION for money, and Counterclaim by defendant, tried before *Jones, J.*, at Fall Term 1869, of TYRRELL Court.

The plaintiff, as assignee, held a note executed by the defendants. This action is upon such note. The defendants, W. and N. McClees, held a note on one William T. Dillin, as endorser, which note, with interest, exceeded the amount of the note sued on. Dillin died intestate in 1865, and his widow, Mary Dillin, another defendant, is his administratrix. After exhausting the personal estate, the administratrix obtained an order to sell the interest of her intestate in a tract of land. At the sale, the defendants, W. & N. McClees, became the purchasers, and executed the note sued on, for the price, with the other defendant as surety. The note held by the defendants is the only debt of the intestate having priority over debts by open account. The plaintiff was a creditor on open account for $90, and took the assignment of the administratrix, for valuable consideration, some time after the note was due. The administratrix and her sureties are insolvent. The defendants made their note the subject of a *Counterclaim*; and to various parts of this, the plaintiff either answered or demurred.

The plaintiff excepted to the following passages in the charge of the Judge, viz :

1. "That the claim set up by the defendant, was not a set-off at law, but that if the Administratrix, after the maturity of the note sued upon, agreed with the defendants that the two bonds should be discharged, each by the

other, then, in equity, the defendant's right attached and followed the bond sued upon, into the hands of any subsequent holder."

2. "That if the plaintiff's claim upon the estate, was *an account*, and he knew (1) that the bond now sued upon was all of the assets of the estate, (2) that the bond due to the defendants was in existence, and (3) that the administratrix and her sureties were insolvent; and thereupon bought of the administratrix the bond now sued upon in payment of his account, he became privy to the misapplication of assets made by the administratrix, and the transfer of the bond was void as to the defendants."

He also excepted because that, after the jury came in and rendered a verdict, "That one bond should off-set the other," the Judge declined to repeat his instructions to them, although the plaintiff's counsel had suggested that the form of their verdict showed that they had mistaken their province—which was, *the facts*, and not *the law*, of the case, and had no clear idea of what they were to find; and that the Judge had told the jury, thereupon, that they must find for the plaintiff or for the defendant.

Verdict and judgment for the defendant, and appeal by the plaintiff.

*Collins*, for the appellant.
*W. A. Moore, contra.*

PEARSON, C. J. (After stating the facts as above,) Relieving the case from the many useless allegations with which it is encumbered, and the intricacies of pleading, and "obscurity and confusion" caused by argumentative pleading, and by an attempt to follow the "new mode of procedure," with which neither the Judges nor the members of the bar have as yet become familiar, and putting it solely on its merits, it amounts to what is stated above.

The question is, ought the note of the intestate to be

allowed as an equitable set-off, or counterclaim, so as to satisfy the note sued on? Under the ruling of his Honor, the jury found for the defendant.

The note was assigned to the plaintiff after maturity, so he is fixed with notice, and took it subject to any set-off or other draw-back the defendants were entitled to as against the assignor. In other words, he stands in the shoes of Mary Dillin. The note in the hands of Mary Dillin, was assets, and ought, in the due course of administration, to have been applied by her to the discharge of the note held by the defendants. According to the old mode of procedure, the defendants could have made no defence to the action, but could have maintained an action against her on the note of the intestate, fixed her with assets by reason of the note sued on, and taken judgment. Her insolvency and the insolvency of her sureties, raised an equity, and without suing at law (for that doctrine is confined to equitable *fi. fas.)* the defendants could have confessed judgment in her action, and maintained a bill, to have the judgment satisfied by the note of the intestate, and in the meantime for an injunction, on the ground, that their remedy at law was inadequate by reason of the insolvency, and should she force the money out of the defendants the injury would be irreparable.

The new mode of procedure dispenses with this circuity of action, and allows the equity to be set up against Mary Dillin, or her assignee with notice, as a bar to the action, without going into another court for relief. So, upon the merits, we are satisfied that the defendants were entitled to judgment.

It remains to enquire, is there any error on the record which entitles the plaintiff to a *venire de novo,* although the Court and jury arrived at a correct conclusion. His Honor very properly omitted to notice the several allegations of the defendants touching the irregularity of the order of sale, &c., and also the several demurrers put in by the plaintiff. A defendant is to answer or demur; if he answers, the

plaintiff is to reply or demur, but is not at liberty to do both at the same time : C. C. P. §94. The effect of thus pleading, is that the answer or reply waives the demurrer, and the case stands open to no objection, except for the want of jurisdiction, or that "the complaint does not state facts sufficient to constitute a cause of action :" §99. The effect of a demurrer at law under the old mode of pleading, is to admit the facts *for the purposes of the case,* so that if the demurrer be overruled, there is judgment for the opposite party. In equity practice the effect of a demurrer, is to admit the facts *for the purpose of the argument,* and if the demurrer be overruled, the defendant, as of course, puts in an answer. As the Code of Civil Procedure rejects pleadings at law, and adopts those in equity, by demurrer and answer, we were at first inclined to think that after a demurrer is overruled, the party may of course answer or reply ; but we find, on examination, that if a demurrer be overruled the case is open for judgment, as if the party had made no defence, unless he obtains leave to amend his pleadings by putting in an answer or reply : C. C. P. §131. "After the decision of a demurrer, the Judge may, in his discretion, if it appear that the demurrer was interposed in good faith, allow the party to plead over, upon such terms as may be just."

In our case, beside the objection that the plaintiff was not at liberty both to demur and reply, there is the further objection, that he replies to many of the allegations, and demurs to others, all of the allegations being set out in support of the same counter-claim, there being but one. Section 96, C. C. P., relied on by plaintiff's counsel for this mode of pleading, does not sustain it : "It may be taken to the whole complaint, or to any of the alleged causes of action stated therein." This clearly refers to a complaint containing several causes of action, or an answer taking two distinct grounds.

His Honor might also have omitted to notice the allega-

tions and evidence, in regard to the arrangement proposed by the defendants to the administratrix before she had assigned the note, viz: that they would pay the costs of the petition to sell the land, provided she would allow the one note to satisfy the other; for, the arrangement not being in writing, did not bind her, and the true and only question was, whether the defendants could support the counterclaim, in spite of her, against an assignee with notice, without reference to this arrangement. So the error in regard to it was immaterial and beside the merits of the case.

This disposes of article of Appeal, No. 1.

The plaintiff has no ground to complain of the charge set out in article of Appeal, No. 2. On the contrary, the defendant had ground to complain, for we have seen that to make out his equity, it was not necessary to fix the plaintiff with knowledge that the bond sued on, was all of the assets of the estate, or with knowledge that the administratrix and her sureties were insolvent. It was enough if in fact there were no other assets, and in fact there was this insolvency; for the plaintiff stood in the shoes of Mary Dillin and took the note subject to the rights of the defendants against her.

It would seem under the new mode of procedure an averment of insolvency is not necessary, that averment in a bill in equity, being made to induce the Court to take jurisdiction, on the ground that the remedy at law is inadequate. But whether an administrator be insolvent or solvent, he ought not to force a man to pay money, if it will be the duty of the administrator to pay it back the instant he receives it. This "right may be enforced" as a counterclaim, which is a beneficial extension of the principle of set-off.

It may appear, at first blush, to be hard measure to put the plaintiff in the shoes of his assignor; but the note being over due, was enough to put him on inquiry. By calling on the defendants before he bought the note, he would have been informed of their ground for not paying it, if, in fact,

he did not know it before.   So, carrying  out  the principle, the plaintiff would have been entitled to judgment  for  the amount, if any, that the administratrix was entitled to retain for costs and charges of administration,  had  he  made  the necessary averment to raise the point ; but he chose  to  go for the whole or nothing, and must abide by his  election.

There is no ground  to  support article of Appeal, No.  3. When the jury announced that they found that "one  note should off-set the other," it was in substance  a  verdict  for the defendant, and his Honor might  well  have  instructed the Clerk so to enter it.

And, secondly, the Judge was not bound  to  take  it  for granted, that the jury did not understand him, and  for that reason, repeat his instructions.

There is no error.

PER CURIAM.                           Judgment affirmed.