## ROBERT LOVE v. THE COMMISSIONERS OF CHATHAM COUNTY.

A demurrer under the C. C. P. differs from the former demurrer *at law* in this : every demurrer, whether for substance or form, is now *special,* and must distinctly specify the ground of objection to the complaint, or be disregarded; it differs from the former demurrer in equity, in that the judgment overruling it is final, and decides the case, unless the pleadings are amended, by leave to withdraw the demurrer and put in an answer.

The provisions of the C. C. P., sec. 99, as regards *complaints which do not contain facts sufficient to constitute a cause of action,* are satisfied by *arresting the judgment* in cases where they apply.

Claims against counties must be presented for payment and refused, before an action can be maintained because of their non-payment ; *therefore,*

Where the complaint contained no averment of such demand and refusal, judgment was arrested.

(*Ransom* v. *McCleese, ante* 17, approved.)

CIVIL ACTION, tried before *Tourgee, J.,* at Spring Term 1870 of CHATHAM Court.

The plaintiff alleged that the former County Court of Chatham had incurred the two debts for which he now demanded judgment, in building, and repairing bridges; and that they had been *allowed,* after being scaled.   No *demand* for such debts was alleged.

The defendant demurred because the complaint did not " state facts sufficient to constitute a cause of action."

His Honor overruled the demurrer, and the defendants appealed.

*Headen,* for the appellants.
*Manning, contra.*

PEARSON, C. J.   We concur with his Honor.   The de-

murrer ought to be overruled, or rather "disregarded." It is in these words: "The complaint does not contain facts sufficient to constitute a cause of action." This, under the old procedure, was a general demurrer, and embraced only matter of substance, as distinguished from a special demurrer, for matter of form, which, by statute of Ann, must set forth the cause of demurrer specially. Defects in form were to be set out specially, in order to give the opposite party an opportunity to amend.

Under the C. C. P.; sec. 96, "The demurrer shall distinctly specify the ground of objection to the complaint; unless it does so, it may be disregarded." These are broad words and include demurrers for defects in substance, as well as defects of form. So, the demurrer in our case ought to have been disregarded, because it does not distinctly specify the ground of objection. But it is said, section 99 provides, if no objection be taken by demurrer or answer, it shall be deemed to be waived, except objections to the jurisdiction, and the objection that the complaint does not contain facts sufficient to constitute a cause of action; and that the effect of this is, that this section excepts those two objections out of the rule, and allows the demurrer to be general in form. We are not able to see how this consequence follows. The rule is positive. It applies to all demurrers, and cannot be modified by implication. Indeed, if we resort to implication, section 97, in regard to amendments, furnishes a much stronger reason for adhering strictly to the rule, as it shows the reason for requiring the ground of objection to be distinctly specified; i. e., in order to have the objection removed by amendment, and so, put the case on its merits.

For instance, in our case, had the demurrer specified that the ground of objection was the omission to aver a demand before action brought, the plaintiff would have amended the complaint in this particular; or, if in fact, a demand had

not been made, would have taken a non-suit, and begun, again. Whereas, the defendant, by saying nothing about the objection in the Court below, gets the plaintiff up to this Court, and here springs the objection, and demands judgment, that *he* " go without day," and recover his cost! This judgment would be final, and bar any other action ; for the plaintiff cannot amend in this Court, as he could have done in the Court below. So, by a departure from the rule, the case is not put on its merits, and a cause of action is lost by a "slip in pleading ;" the very thing which the C. C. P. professes to remedy ! By this construction the plaintiff even loses the benefit of the doctrine, that omissions of this kind, although matter of substance, are cured by verdict.

This form of demurrer is said to have been taken from a " form book." Several instances like the one before us, are in the papers at this term. The objection in most of them was waived, and in the others it did not become necessary to notice it. It is well that the matter has come up for adjudication so soon. Doubtless the members of the bar, with their usual liberality, will consent to have the form changed, or else the Judges will permit amendments.

The effect of overruling a demurrer is disposed of in *Ransom* v. *McCleese, ante* 17. The present case disposes of the *form*, and it is now settled that a demurrer under the C. C. P. differs from a demurrer in equity in this ; the judgment overruling it is final, and decides the case, unless the pleading be amended, by leave to withdraw the demurrer and put in an answer; and that it differs from a demurrer at law under the old mode in this, that every demurrer is special, and must distinctly specify the ground of objection to the complaint. It is so easy to specify the ground of objection, that the Court is not disposed to relax the rule. " There is no use in having a scribe, unless you cut up to it !" Although the demurrer in our case is disregarded, it does not follow

that the plaintiff can have judgment if the complaint does not contain facts sufficient to constitute a cause of action. The objection is still open to a motion in the nature of a motion in arrest of judgment, and this gives effect to sec. 99. The difference being, had the demurrer been in proper form, and been sustained, the defendants would have been entitled to final judgment, and *to costs,* whereas, under this motion if the judgment be arrested, neither party recovers costs. As no judgment is rendered, each party pays his own costs.

No demand being averred in the complaint, it remains to inquire : was a demand necessary before action ?   The defendants had allowed the plaintiff's claims, on their being reduced according to the scale.   By law, the Commissioners of a county do not keep the county funds, but give orders upon the proper officer. The complaint does not set forth, whether such orders were given or refused, it does not aver that the plaintiff called upon the proper officer, and that he declined to accept the orders, and to make payment, "of *which the defendants had notice:*" This was clearly necessary to constitute a cause of action against the Commissioners ; as much so as a demand upon the drawee, and notice to the drawer, or endorser, of an inland bill of exchange.

The judgment must be arrested.

PER CURIAM.                          Judgment arrested.