THE STATE on the relation of JESSE SUMNER *v.* JAS. M. YOUNG.

When the pleadings fail to present an issue, the only course is to strike out all the pleadings, and direct a " repleader."

When there is but one cause of action, or but one defence, a *demurrer* must cover the whole ground, otherwise it will be a nullity.

(Observations as to the proper mode of preparing pleadings.)

Civil action, tried before *Logan, J.,* at Special Term of BUNCOMBE Superior Court, held in January, 1871.

The relator alleged in his complaint :

1st. That he was duly elected Sheriff of Buncombe County, in April, 1868, for two years from 4th August, 1870.

2nd. That on the 5th September, 1870, the defendant usurped the said office, and has ever since unlawfully exercised and withheld the same from relator.

Wherefore, he demanded judgment with cost :

1st. That the defendant is not entitled to said office, and that he be ousted therefrom.

2nd. That the relator is entitled to the office and to assume the execution of the duties thereof, on taking the oath, and filing the bonds required by law.

For a second cause of action, the relator says :

1st. That he was duly elected Sheriff of Buncombe County in April, 1868, for the term expiring in August, 1872.

2nd. That on the 5th September, 1870, the defendant usurped the said office, and has ever since unlawfully exercised the duties thereof, and withheld the same from relator.

Wherefore, he demands judgment with costs :

1st. That the defendant is not entitled to said office, and that he be ousted therefrom.

2nd. That relator is entitled to the office, and to assume the execution of the duties of the same on taking the oath, and filing the bonds required by law.

The defendant in his answer says that he was elected Sheriff of Buncombe County in August, 1870, and "that the term of the relator was to expire or did expire by law on or before the 5th day of September, 1870, and not being versed in the law, has not sufficient information on which to form a belief, touching the points of law last aforesaid, from the advice which he has received from his counsel in this cause on whom he relies in the premises."

Article II. That he has claimed the office since 5th September, 1870, so far as the opposition of relator would permit, till the 8th day of October, 1870, when relator turned over to

him the papers belonging to said office, and has since then performed the duties thereof, but denies that he has "unlawfully exercised the same," or that he usurped the office "so far as he is advised and believes on the authority of his counsel as aforesaid."

And for a further defence to the said first cause of action, the defendant alleges:

1st. That he was duly elected Sheriff of Buncombe County for the term of two years from the 1st Monday in September, 1870.

2nd. That in pursuance of said election, he, on the 1st Monday in September, 1870, tendered his bonds with sureties required by law before the Board of County Commissioners of Buncombe, which were approved and received by said Board, when he was duly qualified as Sheriff and inducted into office.

3rd. That the relator failed on the said 1st Monday in September, 1870, to make any annual returns of his said official bonds, as required by law.

4th. That the relator failed to produce his receipts from the Public Treasurer, County Treasurer, or other officers, whose receipts he was required to produce to and before the said Board of Commissioners on 1st Monday in September, 1870.

5th. That he failed to renew his bonds and produce said receipts, whereby relator forfeited his office, which became vacant by operation of law.

6th. That on the 1st Monday in October, 1870, at a regular meeting of the Board of Commissioners of said County, the relator still failed to produce the "receipts aforesaid," to and before the said County Commissioners, as required by law.

7th. That by reason of all these failures to renew the said bonds and produce the receipts, the relator forfeited the said office, and it then became vacant unless lawfully filled by the defendant.

8th. That the Board of County Commissioners "for greater caution and in order that there might be an undoubtedly lawful

incumbent of said office, and on account of the said failures of the said Jesse Sumner, did make an order, and declare the said office vacant on the said 1st Monday in October, 1870, and did forthwith appoint a successor in the said office, and did then appoint defendant to said office, and to be Sheriff of said County."

Upon the coming in of the foregoing answer, a motion was made to "dismiss the answer," which was overruled. Then leave was given relator to *reply* or *demur.*

Relator then filed his demurrer to certain parts of the answer not necessary to notice for a proper understanding of the opinion of the Court.

Afterwards the defendant was allowed to amend his answer. The only material changes being that the amended answer avers:

(1.) That relator was a candidate for Sheriff of Buncombe in 1870, and against the defendant "until the result thereof was ascertained."

(2.) That relator did not tender his bonds before the Board of Commissioners on 1st Monday in September, 1870, as required, nor ever tender any bond except one, and that of the penal sum of $5,000.

(3.) That the order of the County Commissioners declaring the office vacant, and appointing defendant Sheriff of said County was "still in force and unreversed; and no appeal therefrom, or other proceeding to reverse or vacate the same has been had or taken."

The relator then obtained leave to file, and did file a demurrer to the amended answer, because the matter set forth in the answer marked ("1") does not contain facts sufficient to constitute a defence; to the articles marked ("2") and ("3") that they do not show facts sufficient to constitute a defence; in this, that the action, or pretended action, or judgment of said Commissioners cannot prevent or stop the plaintiff from setting up his claims to the office of sheriff of Buncombe County in this Court."

Afterwards a motion was made to have the cause tried before a jury, which motion was disallowed, when the *demurrer* was overruled, and an appeal was taken by the relator.

*Phillips & Merrimon*, for relator.
*Bailey*, for defendant.

PEARSON, C. J. The object of pleading is to arrive at a single, certain and material issue, either of law or fact, which is decisive of the case, and enables the Court to act intelligently in rendering judgment for the plaintiff or the defendant. In this instance there has been a signal failure; and the whole matter is left in utter confusion. Under these circumstances the only course is to direct " a repleader." All of the pleadings will be stricken out, and the parties will begin at the *summons*, and take a fresh start, with the advantage of knowing that the law is settled in regard to the tenure of office; and that the old Sheriff is entitled to hold until August, 1872, unless there has been a resignation or a forfeiture; and that the mere fact of having been a candidate and taken his chances before the people, does not, in legal effect, amount to a resignation, forfeiture or abandonment.

So, the only matter open would seem to be, the effect of not giving the bonds, nor producing the receipts, and the action taken by the Commissioners, referred to in the answers.

The Attorneys, it is hoped, will not again be under the necessity of having an amended complaint, and an amended answer; and will avoid prolixity and confusion by not setting out a first cause of action, and a second cause of action. when really there was but one ground to proceed on; and of lengthening out the answer by a first defence and a second defence, &c.; when, really all of the allegations combined, con stitute but one defence, *i. e.* a right to the office; and the *desideratum* was a legal and logical statement, numbering the several facts that constitute the defence, as recommended in the C. C. P.

Above all, by avoiding the legal absurdity of demurring to one or two allegations and leaving the others unanswered, or only replied to, by implication. When there is but one cause of action, or but one defence, a demurrer must cover the whole ground, or else it will be a nullity.

This novelty in pleading, we presume, is to be traced to the practice in Equity, when it was allowable, as the bill asked for *discovery*, as well as relief; but under the C. C. P. the complaint demands judgment, and does not ask for discovery.

The plaintiff should also be well advised as to how far he can demand judgment to be inducted into a public office, and for the fees and emoluments, unless he has given the bonds, or has made a tender of them, to the proper authorities, and avers in his complaint a readiness to fill the bonds, as a concurrent act with the admission into the office ; so that judgment for his admission may be accompanied by an order for the reception of the bonds.

Repleader ordered.

This will be certified. Each party pays his own costs, as there is no judgment in this Court. Remanded.