BANK OF STATESVILLE v. W. G. BOGLE.

*Pleading—Demurrer.*

A general demurrer that the complaint (or answer) does not set forth facts sufficient to constitute a cause of action (or defence), was properly overruled.

(*Love* v. *Com'rs*, 64 N. C., 706, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1881, of IREDELL Superior Court, before *Seymour, J.*

The summons in this action issued on the 21st day of May, 1879. In the complaint the plaintiff alleges that the defendant was in its employment, as a clerk, from the 1st of June, 1871, to the 1st of June, 1876, during which time he

was permitted to draw money from the bank and charge himself with the same; and that in this way, and within those periods, he drew and charged himself with the sum of $336.55, which he has failed to pay.

In his answer the defendant admits the allegations of the complaint, but says, "that he pleads the statute of limitations in bar of a recovery in the action."

To this answer the plaintiff demurs because, "there are not sufficient facts set forth in said answer to constitute a defence to plaintiff's complaint."

On the trial of the issue of law thus raised upon the pleadings, the court overruled the demurrer and the plaintiff appealed.

*Messrs. J. M. Clement* and *D. M. Furches*, for plaintiff.
No counsel for defendant.

RUFFIN, J.   The stress of the argument in this court was laid upon the sufficiency of the answer, in setting up the defence of the statute of limitations—the plaintiff contending that as pleaded without any statement of facts to support it, it was but a mere announcement of a conclusion of law.   We do not feel at liberty, however, to go into that question, as the demurrer itself is so defective as to require that it should be disregarded.

A general demurrer that the complaint (or answer) does not set forth facts sufficient to constitute a cause of action (or defence) should be overruled, or rather, disregarded." *Love* v. *Commissioners of Chatham*, 64 N. C., 706.

However much the correctness of the decision of the court in that case may have been questioned at the time, it has stood too long, and been to often approved, to admit of it at this late day.

No error.                                    Affirmed.