ROWLAND GOSS and others v. JAMES WALLER, Ex'r.

*Pleading—Demurrer.*

A demurrer " that the complaint states no cause of action whatever " against the defendant, will be disregarded. It must distinctly specify the grounds of objection to the complaint. The Code, §240.

(*Love* v. *Commissioners*, 64 N. C., 706; *Bank* v. *Bogle*, 85 N. C., 203, cited and approved).

Special Proceeding against the defendant executor of Nancy Waller, for an account and the payment of legacies bequeathed to the plaintiffs, commenced before the clerk and heard on appeal at Fall Term, 1883, of Granville Superior Court, before *MacRae, J.*

The defendant demurred to the petition as follows: "That the petition or complaint states no cause of action whatever against him. Wherefore he demands judgment that he go without day and recover of the petitioners his costs of action."

On the first day of March, 1873, the clerk gave judgment

overruling the demurrer, from which judgment the defendant appealed to the judge of the fith judicial district, and at fall term, 1883, the case was heard before His Honor, who sustained the ruling of the clerk, and adjudged that plaintiffs recover of defendant and his sureties the costs of appeal, and directed the ruling and his opinion to be certified, &c. From this judgment the defendant appealed to this court.

Mr. T. B. Venable, for plaintiffs.
Messrs. J. B. Batchelor and L. C. Edwards, for defendant.

Ashe, J. There is no error in the ruling of His Honor. The statute provides that the demurrer shall distinctly specify the grounds of objection to the complaint, and unless it does so, it may be disregarded. The Code, §240—same as C. C. P., §96. This section has received judicial construction.

In Love v. Commissioners, 64 N. C., 706, where the court held " that a demurrer under the C. C. P. differs from the former demurrer at law in this: Every demurrer, whether for substance or form, must distinctly specify the ground of objection to the complaint, or be disregarded. It differs from the former demurrer in equity, in that the judgment overruling it is final and decides the case, unless the pleadings are amended." Chief-Justice Pearson, who delivered the opinion, said, " it is so easy to specify the ground of objection that the court is not disposed to relax the rule. There is no use in having a scribe unless you cut up to it." This decision was cited with approval in the more recent case of Bank v. Bogle, 85 N. C., 203.

The judgment of the judge of the superior court must be affirmed, and this opinion certified to the superior court of Granville county, that the same may be certified to the clerk of the superior court with directions to proceed according to law. The appellant must pay the costs of the appeal.

No error.                                          Affirmed.