W. R. S. BURBANK v. THE COMMISSIONERS OF BEAUFORT COUNTY.

*Demurrer—Jurisdiction—Liability of County for Taxes Improperly Collected.*

1. A demurrer "1st, that the complaint does not set forth a cause of action against the defendant, 2nd, that the Court has no jurisdiction of the matter as set forth," will be disregarded as a pleading, but a motion to dismiss for these grounds will be sustained.

2. Where the plaintiff alleged that she paid to the sheriff $51.80 for her taxes, and afterwards, on the sheriff's removal from office, that she was forced to pay this sum a second time; *Held*, no cause of action was stated against the county.

3. Even if the tax collector unlawfully collected this money, it raised no liability on the part of the county.

4. In the above case, the sum demanded being less than $200, a justice of the peace, and not the Superior Court, had jurisdiction.

(*Love* v. *Commissioners*, 64 N. C., 706 ; *Bank* v. *Boyle*, 85 N. C., 203 ; *Tucker* v. *Baker*, 86 N. C., 1, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of BEAUFORT Superior Court, before *Shepherd, Judge.*

There was judgment for the defendants, and the plaintiff appealed.

No counsel for the plaintiff.
Mr. *G. H. Brown, Jr.,* for the defendants.

MERRIMON, J.   It is alleged in the complaint that the *feme* plaintiff was the owner of lands situate in the county of Beaufort, and that State and county taxes to the amount of $51.80 had been duly assessed upon the same; that she paid the same to one Satchwell, who was sheriff of that county, and authorized by law to collect and receive such taxes; that subsequently this sheriff was divested of authority to collect the public taxes for the then current year, and one Wilkerson was duly appointed in his stead as tax-collector, and authorized by law to collect the taxes due that had not been collected by the sheriff; that the tax-collector, finding the taxes above-mentioned on the list of unpaid taxes in his hands for collection, without notice to her, undertook to sell certain parcels of the land to pay the same, and one Howard became the purchaser thereof; that afterwards she paid to Howard the sum of $51.80, to relieve her land from his claim of purchase; that she afterwards demanded of the defendants that they pay to her the sum she so paid to Howard, and they refused so to do.   Thereupon she brought this action to recover from the defendants the money she so paid to Howard.

The defendants demurred to the complaint, and assigned as grounds of demurrer,

(1) "That the complaint does not set forth a cause of action against the defendants;

(2) That the court has no jurisdiction in the matter as set forth."

The defendants also moved, for the causes mentioned in the demurrer, to dismiss the action.

The court gave judgment dismissing the action, the plaintiffs excepted, and appealed to this court.

The demurrer is too general and must be disregarded as a pleading, but it was competent to dismiss the action for the causes mentioned and appearing by the complaint. *Love v. Commissioners of Chatham*, 64 N. C., 706; *Bank v. Bogle*, 85 N. C., 203; *Tucker v. Baker*, 86 N. C., 1.

In no aspect of the plaintiff's demand, as presented by the complaint, can this action be maintained. The *feme* plaintiff sues in the Superior Court of Beaufort county to recover from the defendants the sum of $51.80, which she alleges the tax-collector of that county, by virtue of his office and at the instance of the defendants, illegally collected from her, as taxes due from her, when, in fact, the taxes had been paid and she did not owe the same. It is not, however, alleged in the complaint that the tax-collector ever paid the money, so alleged to have been collected by him, to the county treasurer or the defendants. If it be granted that the tax-collector unlawfully collected the money, as alleged, this created no liability on the part of the county. He is required by the law, and not by the county commissioners, to collect the county taxes, and when he collects them, to pay the same to the county treasurer. The law prescribes and enjoins his duties; he is required to collect the taxes lawfully due, and if, in the exercise of his office, he unlawfully collects money from a citizen for alleged taxes due, which are not in fact due, or does any other unlawful act, he is answerable and not the county; he is the officer of the law and not the private agent of the county. He must do what the law requires of him, and he is not bound to do what the county commissioners order to be done, unless such order has the sanction of the law.

The county commissioners do not receive the county funds nor do they require the county treasurer to receive them. They, in most if not all cases, direct as allowed by law for what purposes they shall be applied. The county treasurer is the officer of the law and not merely the private agent of the county commissioners and subject to their arbitrary will and direction; he exercises his office under the law, and he must be answerable for his unlawful acts and not the county. *The Code*, §773, makes it the duty of the county treasurer to receive all moneys belonging to the county, to keep, apply and account for the same as required by law. He is not required to receive moneys that do not belong to the county, and if he shall do so, he must be answerable for

the same, not the county. He has distinctive legal duties as the officer of the law, and is answerable for his misfeasances and malfeasances. The county is a public municipal corporation created for political and civil purposes, and it is answerable as and when the law directs. If the county treasurer receives moneys whether as taxes collected or otherwise, purporting to belong to the county and under the orders of the county commissioners made in the course of their official duties, the same shall be applied to the legitimate purposes of the county, it may be that the real owner of the money so expended could recover the same by proper action, after proper demand that his claim be duly audited, from the county; but it is very certain that it cannot be held responsible for money it never received, nor can it be held responsible for money in the hands of the tax-collector that he improperly collected as taxes due the county, nor for money improperly in the hands of the county treasurer purporting to belong to the county, if the same has not been applied to the use and for the legitimate purposes of the county.

So that it is very clear that the plaintiff has not stated facts in the complaint sufficient to constitute a cause of action against the defendants.

But further, if the *feme* plaintiff has any cause of action, as she contends, cognizable in any court, it is manifest that the Superior Court in which this action is brought, has no original jurisdiction of her alleged claim against the county, for the plain reason that the sum demanded was less than $200. She sues as for money in the hands of the defendants for the county of Beaufort, which belongs to her, and which they, by implication and operation of law, are bound to pay to her, and which, upon demand, they refuse to pay. If the sum of money mentioned is due to the *feme* plaintiff and recoverable, it is obvious that the court of a Justice of the Peace alone could have jurisdiction of the action to recover it.

We have not been favored with an argument in behalf of the appellant, and are unable to form a plausible conjecture as to the

reason why the action was brought in the Superior Court. We cannot suppose that the purpose was to bring an action for a tort, because no tort is alleged in the complaint, nor is there any demand for judgment as in case of a tort, if, indeed, tort would lie in any possible state or view of the facts. The plain demand is for a sum of money, which taking the facts to be as alleged in the complaint, the county does not owe the *feme* plaintiff.

The judgment must be affirmed.

No error.                                                                   Affirmed.