H. G. SPEIGHT v. JOHN H. JENKINS and wife.

*Pleading—Demurrer—Action to Recover Land.*

1. Where the complaint contains several causes of action, the defendant may answer as to some and demur to the others, but he cannot demur to one allegation and answer other allegations in the same cause of action. The answer or demurrer must embrace the entire cause of action.

2. If any one allegation is defective it extends to the whole of that cause of action, and a demurrer will be sustained.

3. In an action to recover land it is sufficient if the complaint distinctly describes the land and alleges that the defendant is in the unlawful possession and refuses to surrender, without setting forth what particular portion he withholds.

CIVIL ACTION, tried before *Shipp, J.,* at Fall Term, 1887, of GREENE Superior Court.

The plaintiff's complaint alleged in the first section that he was the owner of a tract of land containing 184 acres, describing it by metes and bounds; and in the second, "that the defendants are unlawfully in possession of some three or five acres of the said described land and unlawfully and wrongfully withholds the same from him." The defendants demurred to the second section of the complaint and for cause of demurrer said "that the first allegation of the complaint describes a tract of land said to contain 184 acres, and the allegation contained in the second demurred to, 'that the defendants are unlawfully in possession of some three or four acres of the said described land and unlawfully and wrongfully withholds the same from him,' does not sufficiently describe what part of said 184 acres of land the defendants are alleged to be in possession of, and is too uncertain a description."

Upon the hearing, the Court being of the opinion that the description was sufficient, overruled the demurrer, to which the defendants excepted.

The defendants were allowed to answer, and the jury having found all the issues in favor of the plaintiff, judgment was rendered in his favor, and the defendants appealed to the Supreme Court.

No counsel for the plaintiff.
*Mr. W. C. Munroe,* for the defendants.

MERRIMON, J.  The complaint alleged a single cause of action.

The defendants answered except as to the second allegation of the complaint, and as to this he demurred.  As the demurrer applied to a single allegation of the cause of action it was insufficient and the Court might have disregarded it. A party cannot answer as to some of the allegations of a cause of action and demur as to others.  The demurrer must embrace the whole, else it will be bad.  If there be several causes of action alleged, the party defending may answer as to one and demur as to another.  The pleading as to each cause of action must have unity and consistency.  Each allegation must be taken in connection with the other and the whole together, so that if there is a single allegation fatally defective it extends to the whole, and a demurrer should embrace the whole.  *Ransom* v. *McClees,* 64 N. C., 17; *Sumner* v. *Young,* 65 N. C., 579; *Von Glahn* v. *DeRosset,* 76 N. C., 292.

But we think that if the pleading had been sufficient, the objection was unfounded.  The complaint alleged that the plaintiff was the owner and entitled to the possession of a tract of land specifically described—that the defendant was unlawfully in possession of a part thereof, three or five acres—and wrongfully withheld the same from him.  The alleged ownership and the extent thereof as to boundary was thus pointed out to the defendant, and he knew, or might have

known, whether or not he was in possession of any part thereof and could have made his defence, if he had any.

If on the trial the plaintiff proved his allegations to be true, he was entitled to recover, whether the possession of the defendant extended to the whole tract, to three, five or fifty acres. The allegation that the possession of the defendant extended to three or five acres was an unnecessary, immaterial, redundant allegation.

The leading material allegation was that the plaintiff was the owner and entitled to the possession of the land described, and the defendant was unlawfully in possession of some part of it and refused to surrender the same. The extent of the possession was not material. If for some possible reason the extent of the possession had become material, the defendant might have asked the Court to make the description more definite.

Generally, the pleadings in actions to recover land, under the present method of procedure, are very simple, brief and comprehensive. A leading object of them is to avoid technicalities and afford the parties large opportunity to prove title in any way they may properly be able to do. If in some cases they fail to give such precise information to the opposing party as may be fairly necessary, the Court will, upon application, require the particular allegation or the pleading complained of to be made more precise. *Johnston* v. *Pate,* 83 N. C., 110; *Fitzgerald* v. *Shelton,* 95 N. C., 519; *Richards* v. *Smith,* 98 N. C., 509.

Affirmed.