### GEORGE B. ELAM v. CALVIN BARNES.

*Pleading—Demurrer— Motion to Dismiss—Cause of Action.*

1. A motion to dismiss an action because the complaint does not state facts sufficient to constitute a cause of action is a demurrer, and should be disregarded unless it specify the particulars of the alleged defect. The objection may be taken *ore tenus* for the first time in the Supreme Court, or the Court may, *ex mero motu*, dismiss the cause, but if a motion is made by a party to dismiss, he will be required to specify the grounds.

2. A complaint alleged that plaintiff had purchased a lot of tobacco from defendant, but the latter refusing to deliver, the former had it seized under a requisition in claim and delivery; that pending these proceedings, a proposition was made by defendant and accepted for a settlement of all matters in controversy between them; that the terms of the settlement were complied with, and claimed damages for injuries to the tobacco while defendant was resisting plaintiff's claim to possession : *Held*, not a good cause of action.

CIVIL ACTION, tried at February Term, 1891, of VANCE Superior Court, *Whitaker, J.*, presiding.

The facts necessary to an understanding of the questions decided are stated in the opinion.

*Messrs. T. T. Hicks* and *A. J. Harris* (by brief), for plaintiff. No counsel *contra*.

CLARK, J.: The defendant, after answer filed, moved to dismiss the action, on the ground that "the complaint did not state facts sufficient to constitute a cause of action." This is a demurrer, which can be taken at any stage of the proceeding, and the objection may even be made for the first time in this Court. None the less it is a demurrer, and should be disregarded, unless it specify the particulars wherein the complaint fails to state a cause of action. This is required by *The Code,* § 240, which expressly provides that a general demurrer should not be considered. *Love* v. *Commissioners,* 64 N. C., 706; *George* v. *High,* 85 N. C., 99; *Bank* v. *Bogle,* 85 N. C., 203; *Jones* v. *Commissioners,* 85 N. C., 278. "The Court below should have required the defendant to point out by his motion wherein the complaint failed to state a cause of action, and if he failed to do so, should have disregarded it." PEARSON, C. J., in *Love* v. *Commissioners, supra.* It is true, notwithstanding such demurrer was erroneously allowed or disallowed below, it is still open to the defendant to renew it *ore tenus* here. *Hunter* v. *Yarborough,* 92 N. C., 68. If renewed here, and in the same defective form, this Court will require the demurrer to comply with the statute, but in fact it was not renewed here. There is, strictly speaking, only before us for review the action of the Court below in erroneously sustaining a general demurrer.

It is true the Court here will look into the record, and if there is a want of jurisdiction or a failure to state a cause of action, it will, *ex mero motu,* dismiss the action, for such defect cannot be waived. It is but fair, however, to the opposite side that the Court below should require, as the statute demands, that the demurrer, even when made *ore tenus,* should point out the alleged defect, since it gives opportunity to ask for an amendment if the defect admits of cure, or permits further costs to be avoided if the defect is incurable, since the party, upon the particulars being indicated, may become satisfied of the invalidity of his cause of action and discon-

tinue further proceedings. This would seem to be the reason of the statute, at any rate its provisions are clear and should be observed.

Upon looking into the pleadings, we find that the complaint alleged the purchase of certain tobacco by. the plaintiff of the defendant, which the latter afterwards refused to deliver, whereupon the plaintiff took out claim and delivery proceedings, and while under such proceedings the tobacco was in the Sheriff's hands, the complaint alleges that the defendant made an offer to the plaintiff to settle the matter on a specified basis, "and that all matters in controversy between them should be thereby settled." It is further alleged that the plaintiff accepted the offer, and that the terms thereof were fully complied with. Notwithstanding all which, the plaintiff still brings this action for alleged damage to the tobacco by its being hauled and rehauled, and loaded and unloaded when defendant was resisting the plaintiff's claim to possession of the tobacco, all of which was prior to the compromise and settlement by which it is alleged in the complaint that it was agreed "that all matters in controversy between them should be thereby settled."

Compliance with such settlement is averred, and no cause of action is set out which arose subsequent thereto. It is true that it is alleged that the defendant has brought suit against one George B. Harris, who was surety to the plaintiff for the payment of the purchase-money of the tobacco, for an alleged deficiency in the amount by the original contract agreed to be paid. If so, the above alleged agreement of compromise and full settlement between the plaintiff and the defendant can be pleaded in bar to such action. The fact that the defendant has brought such action does not invalidate and set aside the compromise and settlement so as to entitle the plaintiff to maintain an action which upon his own averments is barred by the compromise and settlement. Let it be entered that the action is

Dismissed.