W. H. GRIFFIN, TRUSTEE, v. BANK OF COLERIDGE ET AL.

(Filed 11 October, 1933.)

**Appeal and Error A d: D a—Formal judgment overruling demurrer is appealable, and lower court may not proceed in the cause pending appeal.**

An appeal lies as a matter of right from judgment overruling a demurrer unless the demurrer is regarded as frivolous or is treated as a motion to dismiss, and where after appeal from a formal judgment overruling a demurrer the trial court proceeds to hear exceptions to the report of the referee in the cause and enters judgment affirming the report of the referee, and an appeal is taken to the second judgment, the Supreme Court, upon affirming the judgment overruling the demurrer, will order the judgment confirming the report of the referee stricken out and the cause remanded for further proceeding according to law. C. S., 655.

APPEAL by defendants from *Frizzelle, J.,* at May Term, 1933, of CHATHAM.

Civil action to recover penalty for alleged exaction of usury.

As the alleged transactions set out in the complaint covered a large number of items and involved a long accounting, a reference was ordered under the statute on motion of defendants. The report of the referee was favorable to the plaintiff and adverse to the defendants. Exceptions were filed to said report, and at the March Term (second week), 1933, Chatham Superior Court, the matter came on for hearing upon defendants' exceptions and plaintiff's motion to confirm the report of the referee, which, by consent, was continued to be heard by the judge at Sanford in Lee County on 30 March, 1933, judgment to be rendered as at term.

At the opening of the hearing in Sanford, the defendants interposed a demurrer *ore tenus* to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. A formal judgment was entered overruling the demurrer, to which the defendants excepted and gave notice of appeal to the Supreme Court. It was agreed that "the summons, complaint, answer and the foregoing judgment" should constitute the case on appeal.

Notwithstanding the appeal of the defendants from the judgment overruling the demurrer, the judge took the papers and later entered judgment dismissing defendants' exceptions, and confirming the report of the referee. The defendants excepted to this judgment and gave notice of appeal. Time allowed for settling case.

Thereafter, at the May Term, 1933, upon notice to plaintiff, the defendants made a motion to vacate the judgment of confirmation entered "out of term and out of the district." Motion denied, and the defendants again excepted and appealed. It was "ordered that this appeal be made a part of the record on appeal in the appeals heretofore entered."

*I. C. Moser and Wade Barber for plaintiff.*
*J. H. Scott and W. R. Clegg for defendants.*

STACY, C. J. The defendants have appealed three times from as many judgments in the same case.

As the demurrer, interposed by the defendants at the hearing in Sanford, and renewed here, does not "distinctly specify the grounds of objection to the complaint," it might well have been disregarded (C. S., 512), or treated as a motion to dismiss (*Elam v. Barnes,* 110 N. C., 73, 14 S. E., 621), from the refusal of which no appeal lies. *Plemmons v. Improvement Co.,* 108 N. C., 614, 13 S. E., 188.

"A motion to dismiss for want of jurisdiction or because the complaint does not state a cause of action is not such a demurrer *ore tenus* as will permit an appeal from its refusal." *Burrell v. Hughes,* 116 N. C., 430, 21 S. E., 971; *Joyner v. Roberts,* 112 N. C., 111, 16 S. E., 917.

But the demurrer was neither disregarded nor treated as a motion to dismiss. A formal judgment was entered overruling the demurrer, from which an appeal was prayed and allowed, and the case on appeal settled instanter by agreement. When this was done, it would seem the defendants were justified in assuming that their exceptions to the referee's report would not be passed upon until their appeal from the judgment overruling the demurrer had been heard and determined. C. S., 655; *Bohannon v. Trust Co.,* 198 N. C., 702, 153 S. E., 263; *Pruett v. Power Co.,* 167 N. C., 598, 83 S. E., 830.

"While the Court has held that an appeal from an interlocutory order leaves the action for all other purposes in the court below, the decision is also to the effect that the disposition of the interlocutory order and all questions incident to and necessarily involved in the ruling thereon are carried by the appeal to the appellate court"—*Hoke, J.,* in *Combes v. Adams,* 150 N. C., 64 (at page 71), 63 S. E., 186.

An appeal lies as a matter of right from a judgment overruling a demurrer, unless the demurrer be regarded as frivolous (*Joyner v. Fiber*

*Co.,* 178 N. C., 634, 101 S. E., 373), or treated as a motion to dismiss. *Enloe v. Ragle,* 195 N. C., 38, 141 S. E., 477.

The demurrer interposed in the instant case is bad both as to substance and form, but it was dealt with as bona fide and properly overruled. It appears, therefore, from the present state of the record, that the defendants are entitled to have their exceptions to the referee's report considered and ruled upon after this opinion has been certified to the Superior Court.

The judgment confirming the report, pending the appeal from the order overruling the demurrer, will be stricken out, and the cause remanded for further proceedings as to justice appertains and the rights of the parties may require.

Error and remanded.