MRS. ROSA HARVELL MOORE v. CAROLINA CASUALTY INSURANCE
COMPANY.

(Filed 19 April, 1950.)

**1. Pleadings § 15—**

A demurrer should not be sustained if the pleading as a whole states
facts sufficient to constitute a cause of action.

**2. Same—**

A demurrer to a single paragraph of the complaint on the theory that
such paragraph attempts to set up a second, separate cause of action and
fails to state facts sufficient for that purpose, is improvidently granted
when the pleading considered as a whole sufficiently states but a single
cause of action and the paragraph objected to merely sets forth additional
elements of damage, defendant's proper procedure to test plaintiff's right
to recover such additional elements of damage being by objection to evi-
dence offered in support thereof.

APPEAL by plaintiff from *Harris, J.,* at the November Term, 1949, of
WAKE.

Civil action involving a policy of insurance providing partial indem-
nity for expense of surgical treatment and hospitalization occasioned by
accidental bodily injuries or by sickness occurring under certain specified
conditions.

After the plaintiff had filed a complaint and three amendments thereto
containing a grand total of nineteen paragraphs, and after the defendant
had fully answered all of the allegations of the plaintiff, the defendant
demurred *ore tenus* to a single paragraph of the plaintiff's pleadings,
to wit, paragraph (b) of the third amendment to the complaint, upon
the ground that it does not state facts sufficient to constitute a cause of
action. G.S. 1-127 (6). The court sustained the oral demurrer, and the
plaintiff excepted and appealed, assigning error.

*E. D. Flowers and Robert W. Brooks for plaintiff, appellant.*
*Harris & Poe for defendant, appellee.*

ERVIN, J. Although the pleadings in this case are both numerous and
voluminous, a detailed analysis of their contents is not necessary to the
decision of the only question rightly raised by the appeal, *i.e.,* whether
the court below properly sustained the oral demurrer directed to only one
of the nineteen paragraphs in the plaintiff's pleadings.

This ruling is necessarily based on the theory that the plaintiff under-
takes to sue upon two separate causes of action; that one of these causes
of action is insufficiently asserted in paragraph (b) of the third amend-
ment to the complaint; and that the other of these causes of action is

effectually stated in the remaining eighteen paragraphs of the plaintiff's pleadings.

The court has misinterpreted the allegations of the plaintiff; for she undertakes to state only one cause of action against the defendant. When her pleadings are read as a whole, it appears that the plaintiff elects to treat the insurance contract as wrongly broken and ended by the defendant, and that she alleges a good cause of action against the defendant for the recovery of damages resulting from its wrongful cancellation or repudiation. *Abrams v. Insurance Co.,* 224 N.C. 1, 29 S.E. 2d 130, and 223 N.C. 500, 27 S.E. 2d 148; *Garland v. Ins. Co.,* 179 N.C. 67, 101 S.E. 616; *Trust Co. v. Insurance Co.,* 173 N.C. 558, 92 S.E. 558. See, also, 45 C.J.S., Insurance, section 465; *Levy v. Massachusetts Acc. Co.,* 124 N. J. Eq. 420, 2 A. 2d 341; *Pacific Mut. Life Ins. Co. of California v. Rhame,* 32 F. Supp. 59.

Paragraph (b) of the third amendment to the complaint does not purport to assert a separate cause of action, or to vary in any degree the cause of action stated in the other eighteen paragraphs of the plaintiff's pleadings. It merely enumerates additional elements or items allegedly going to make up the sum total of the damages resulting from the wrongful cancellation or repudiation of the policy. We express no opinion as to whether such additional elements or items are recoverable by the plaintiff in this action; for lawsuits are to be tried as a whole and not as fractions. The defendant can adequately protect any rights it may have in this connection by objecting to any testimony which the plaintiff may present at the trial to establish the additional elements or items.

It is an established rule of pleading in this jurisdiction that "when there is but one cause of action, or but one defense, a demurrer must cover the whole ground, or else it will be a nullity." *Sumner v. Young,* 65 N.C. 579. This being true, "a demurrer will not lie to a single paragraph of a complaint, declaration, or petition on the ground that it does not state facts sufficient to constitute a cause of action, if the pleading as a whole states sufficient facts to constitute a cause of action." 41 Am. Jur., Pleading, section 231.

For the reasons given, the judgment sustaining the oral demurrer is

Reversed.