JAMES GLADY DUKE v. CHARLES W. CAMPBELL, ADMINISTRATOR OF THE ESTATE OF D. W. HUDSON, DECEASED.

(Filed 28 February, 1951.)

**1. Appeal and Error § 6c (2)—**

A sole assignment of error to the sustaining of a demurrer filed in the cause presents the question as to whether error of law appears upon the face of the record.

**2. Appeal and Error § 37—**

Where error is manifest on the face of the record the Supreme Court may correct it *ex mero motu.*

**3. Pleadings § 17a—**

A demurrer must distinctly specify the grounds of objection, and demurrer to the further defense and answer of defendant on the ground that it does not "constitute a counterclaim in that it does not state a cause of action" is insufficient.   G.S. 1-128.

**4. Pleadings § 19c—**

Where further defense and answer is set up in unity in five paragraphs in the answer, a demurrer directed to a portion of one of such paragraphs for failure to set up a counterclaim is a nullity, since in such instance the demurrer must be to the whole of the further defense and answer.

APPEAL by defendant from *Nettles, J.,* at October Term, 1950, of ROCKINGHAM.

Civil action to recover on implied contract for personal services allegedly rendered by plaintiff to defendant's intestate, D. W. Hudson, heard upon demurrer filed by plaintiff to "new matter contained in Paragraph 1 of the defendant's further answer filed in this cause."

Plaintiff alleges in his complaint, among other things:

"4. That the plaintiff is the son-in-law of defendant's intestate; that the plaintiff and the daughter of the defendant's intestate married on the 24th day of January, 1924; that the plaintiff and his wife made their home in the home of the defendant's intestate from the time they married until the plaintiff's wife died on the 28th day of October, 1949; that the plaintiff continued to make his home in the home of the defendant's intestate until the defendant's intestate died on the 28th day of December, 1949; that during the years from 1924 until 1942, the plaintiff cultivated half the lands belonging to D. W. Hudson, and the said D. W. Hudson tended the other half.

"5. That after the year 1942 the defendant's intestate was not physically able to farm and plaintiff cultivated all the lands," etc., setting out in detail the services performed and the value thereof.

Defendant, answering, denies the material allegations of the complaint of plaintiff, as to indebtedness to him, and sets out "for a further answer and defense" five paragraphs of averments.

The first paragraph contains matter pertaining to the relationship existing through the years between plaintiff and defendant's intestate, and sets up provision in a deed from the intestate to plaintiff and his wife,—conveying 28¼ acres of land, by the terms of which, it is averred, plaintiff is indebted to defendant in the sum of $1,050.00.

In the second paragraph it is averred that plaintiff owes defendant $50.00 for a refrigerator, $10.00 for a hog, and $7.57 for hog feed.

In the third paragraph it is averred that plaintiff and his wife were furnished a home by intestate of defendant, and enjoyed certain other benefits from lands of the intestate, and from the said 28¼ acres of land.

In the fourth paragraph, there is a plea of the statute of limitation, and also answer in detail to plaintiff's allegation as to services rendered.

And in the fifth paragraph, other matters in further defense are set out, and there is the summary that plaintiff is "entitled to nothing on his allegations for services rendered to the estate of the intestate but on the contrary the estate is entitled to recover of the plaintiff the sum of $1,050.00 as alleged in the conveyance to the plaintiff and the sum of $50.00 for the refrigerator, $10.00 for a hog, and $7.57 for hog feed, making a total of $1,117.57."

And defendant prays judgment that plaintiff recover nothing by this action, but that defendant recover of plaintiff $1,117.57 and costs.

Plaintiff demurred "to the new matter contained in Paragraph 1 of the defendant's further answer filed in this cause, and for cause of demurrer says: The said new matter in defendant's answer upon its face does not constitute a counterclaim in that it does not state a cause of action."

The demurrer was sustained,—and defendant excepted and appeals to Supreme Court and assigns error.

*Scurry & McMichael for plaintiff, appellee.*

*Sharp & Sharp, by: Norwood E. Robinson for defendant, appellant.*

WINBORNE, J. The sole assignment of error presented for consideration on this appeal is based upon exception to the ruling of the court in sustaining the demurrer filed by plaintiff as shown in the record. This exception raises the question as to whether error in law appears upon the face of the record, *Culbreth v. Britt,* 231 N.C. 76, 56 S.E. 2d 15, and cases there cited. See also *Gibson v. Ins. Co.,* 232 N.C. 712, and cases cited. And where error is manifest on the face of the record, it is the duty of the Court to correct it, and it may do so of its own motion, that is, *ex mero motu.* See *Gibson v. Ins. Co., supra.*

In the case in hand it appears upon the face of the record that error is apparent in two aspects:

First: The demurrer fails to distinctly specify the grounds of objection to the answer of defendant, and may be disregarded, G.S. 1-128. *Love v. Comrs.,* 64 N.C. 706; *Heilig v. Foard,* 64 N.C. 710; *George v. High,* 85 N.C. 99; *Bank v. Bogle,* 85 N.C. 203; *Goss v. Waller,* 90 N.C. 149; *Burbank v. Comrs.,* 92 N.C. 257; *Elam v. Barnes,* 110 N.C. 73, 14 S.E. 621; *Ball v. Paquin,* 140 N.C. 83, 52 S.E. 410; *Seawell v. Cole,*

194 N.C. 546, 140 S.E. 85; *Griffin v. Bank,* 205 N.C. 253, 171 S.E. 71; *Wilson v. Motor Lines,* 207 N.C. 263, 176 S.E. 750.

The statute G.S. 1-128 declares that "The demurrer shall distinctly specify the ground of objection to the complaint, or it may be disregarded."

This statute as so worded is substantially the same as in the several codifications, C.C.P., Sec. 96; The Code, Sec. 240; Rev. 475; and C.S. 512.

In the *Love case* (1870), *supra,* the Court, in opinion by *Pearson, C. J.,* speaking of the provisions of the statute as it then existed, C.C.P., Sec. 96, had this to say: "These are broad words and include demurrers for defects in substance as well as defects of form. So the demurrer in our case ought to have been disregarded, because it does not distinctly specify the ground of objection . . . The rule is positive. It applies to all demurrers, and cannot be modified by implication . . ." To like effect are repeated decisions of this Court. (See cases cited above.)

Second: The demurrer is directed to a portion of one paragraph of the five set up in unity as a "further defense and answer" to the complaint of plaintiff. In such case the demurrer must be to the whole pleading. See G.S. 1-128. *Ransom v. McClees,* 64 N.C. 17; *Sumner v. Young,* 65 N.C. 579; *Speight v. Jenkins,* 99 N.C. 143, 5 S.E. 385; *Cowand v. Meyers,* 99 N.C. 198, 6 S.E. 82; *Conant v. Barnard,* 103 N.C. 315, 9 S.E. 575; *Moore v. Ins. Co.,* 231 N.C. 729, 58 S.E. 2d 756.

In *Sumner v. Young, supra,* the Court said: "When there is but one cause of action, or but one defense, a demurrer must cover the whole ground, or else it will be a nullity." This declaration is approved and applied in the *Moore case, supra.*

In the present case, while matters set up in the "further defense and answer" of defendant might have been the subject of separate alleged causes of action, they were not separated. Therefore, the "further defense and answer" must be treated as a unit, and demurrer directed to a part of it is a nullity. *Sumner v. Young, supra.*

While the parties, in their briefs filed in this Court, debate the merits of the matters set out in Paragraph 1 of the "further defense and answer," decision here does not reach that phase of the matter.

For reasons stated, the judgment from which appeal is taken is
Reversed.