ANGELO STROLLO, PLAINTIFF, v. JERSEY CENTRAL POWER AND LIGHT COMPANY, A BODY CORPORATE, A. CHESTER CONROW AND RAY MATHIS, DEFENDANTS.

Decided June 10, 1942.

For the plaintiff, *Parsons, Labrecque & Borden*.

For the defendants, *Autenrieth & Wortendyke*.

KINKEAD, S. C. C. This is a motion to strike the complaint, on the ground that the gist of the plaintiff's cause of action is an action for slander, and therefore should be dismissed because it is barred by the statute of limitations.

Suit was instituted on May 10th, 1938, and the complaint alleges the cause of action arose on May 22d, 1936, at which time it is claimed that the defendant, The Jersey Central Power and Light Company, by its agents and servants, A. Chester Conrow and Ray Mathis (who are joined as defendants) did on said date and at various other times and dates, conspire, act in concert and maliciously conceive a scheme to interfere with the plaintiff's employment and to procure the plaintiff's discharge therefrom.

Paragraphs 4, 5 and 6 of the first count (which are substantially analogous to paragraphs 4, 5 and 6 of the three other counts), are as follows:

"4. The defendants, Jersey Central Power and Light Company, by its agents and servants, A. Chester Conrow and Ray Mathis, did on or about May 22d, 1936, and at various other times and dates, conspire, act in concert and maliciously conceive a scheme to interfere with the plaintiff's employment and to procure the plaintiff's discharge therefrom.

"5. In pursuance of such scheme and conspiracy and with the purpose and intent of maliciously and fraudulently interfering with and terminating the employment of the plaintiff by his master, the defendants, Jersey Central Power and Light Company by its agents and servants, A. Chester Conrow and Ray Mathis, did then and there and continuously thereafter spread false and malicious statements and rumors concerning the honesty and integrity of the plaintiff and did with purpose, intent and malice communicate such fraudulent, malicious and untrue statements to the master of the plaintiff with the result that because of such fraudulent, malicious and untrue statements and rumors, the plaintiff was discharged by his master and his right to hold his position was interfered with and his ability to gain other employment damaged and terminated.

"6. By reason of the willful, malicious and fraudulent acts of the defendants and their willful, malicious and fraudulent conspiracy, the plaintiff has lost his position and employment, has been deprived of his earnings, has been unable thereafter to obtain employment and has suffered great harm and damage to his reputation as an honest employee."

The allegations of the complaint are amplified by the bill of particulars furnished by the plaintiff.

Question 3 in the demand for bill of particulars makes inquiry as follows:

"Itemize and describe each and every overt act done or committed by the defendants or any of them, giving the date and place of each of said acts, which, as is alleged in paragraph 4 of the First Count of the complaint, made up the conspiracy or scheme referred to in said paragraph."

The answer to the foregoing question in the bill of particulars is as follows:

"On May 22d Ray Mathis, in company with another employee of the defendant, stated that the plaintiff was stealing juice.

"On May 29th A. Chester Conrow stated that Strollo was suspected with tampering with an electric meter.

"At an unknown date, Ray Mathis stated that Strollo had been stealing juice.

"At an unknown date, the vice-president of the defendant company stated that Strollo was guilty of stealing juice and of tampering with a meter.

"All of the words described in this bill of particulars are indefinite and may not be in the exact words used but all the charges made against the plaintiff were of the general purport that he had been stealing electricity." -

In addition to the foregoing, the demand for bill of particulars made inquiry in question No. 5 as to "the date and place of the making and spreading of each allegedly false and malicious statement and rumor referred to in paragraph 5 of the First Count of the complaint herein, and * * * the name of each individual and his relationship to the defendants, or any of them, who made or spread any of the said allegedly false and malicious statements or rumors, together with the name of each person to whom said statements or rumors were made or otherwise conveyed." In answer to this question the plaintiff, in his bill of particulars, stated that on May 22d Ray Mathis and another employee whose name is unknown, spread a false and malicious statement at Melrose Terrace, Long Branch; that on May 29th A. Chester Conrow made a malicious and false statement at the Garfield Grant Hotel at Long Branch; that at a date unknown, Ray Mathis made a false and malicious statement in a lunch room; and that at a date unknown, the vice-president of the defendant corporation made a false and malicious statement either over the telephone or personally to the general manager of the Monmouth Consolidated Water Company at a place unknown.

Question 7 of the demand for bill of particulars inquires:

"What act or acts, statement or statements of the defend-

ants, or any of them, does plaintiff contend to have been the cause or causes of plaintiff's alleged loss of his position and employment as mentioned in said paragraph 6 of said First Count?" to which plaintiff answers:

"The spreading of the false and malicious statements that the plaintiff had attempted or had stolen electricity from the defendant while the plaintiff was an employee of another utility."

If the allegations of the complaint and the answers in the bill of particulars are true, the plaintiff could have sued for slander within one year of the making of the alleged slanderous utterances.

However suit was not instituted until the lapse of nearly two years from the date the cause of action arose. *R. S.* 2:24-3 provides as follows:

"Every civil action for slander or libel shall be commenced and sued within one year next after the publication of the alleged libel or slander, and not thereafter."

Therefore, if the gist of the plaintiff's cause of action is slander, as contended by the defendants, the motion to strike the complaint should prevail.

The plaintiff, however, contends that he is not limited to a suit for slander, but that he has the right to sue the defendants because they wrongfully caused him to lose his employment by the slanderous and untrue statements they made concerning the plaintiff to his employer.

The act of an individual, who maliciously and without justifiable cause induces an employer to end the employment of an employee, is an actionable tort regardless of whether the inducement be by false slander or by successful persuasion. *Moran* v. *Dunphy,* 177 *Mass.* 485; 59 *N. E. Rep.* 125; *Perkins* v. *Pendleton,* 90 *Me.* 166; 38 *Atl. Rep.* 96.

In *Brennan* v. *United Hatters,* 73 *N. J. L.* 729; 65 *Atl. Rep.* 165, Mr. Justice Pitney speaking for the Court of Errors and Appeals (at *p.* 742) stated:

"The common law has long recognized as a part of the boasted liberty of the citizen the right of every man to freely engage in such lawful business or occupation as he himself

may choose, free from hindrance or obstruction by his fellow-men, saving such as may result from the exercise of equal or superior rights on their part—such, for instance, as the right of fair competition in the like field of human effort—and saving, of course, such other hindrance or obstruction as may be legally excused or justified.

"This right is declared by our constitution to be unalienable. The first section of the bill of rights sets forth that 'All men are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and of pursuing and obtaining safety and happiness.' "

The opinion of the court closes on page 750 with the following statement:

"Upon both reason and authority, therefore, we are of the opinion that the acts of the defendants herein, as above recounted, amounted to an unwarranted interference with the plaintiff in his trade as a hatter, and he having sustained damage as a result thereof in losing his place of employment the present action is sustainable."

In *Van Horn* v. *Van Horn*, 52 *N. J. L.* 284: 20 *Atl. Rep.* 485, the plaintiff started suit against the defendants for malicious conspiracy to drive the plaintiff out of her business. The means alleged to have been employed included the enticement of plaintiff's servant, the procurement from the servant of valuable information, the use of this information to break up a valuable business connection of the plaintiff's by means of false and fraudulent representations, and the sending of threatening letters to plaintiff's customers. In passing upon the demurrer to the pleading thus framed, Mr. Justice Scudder thus expresses the opinion of the Supreme Court at page 287, and in the last paragraph on page 289:

"It is an action on the case, setting forth a malicious conspiracy or confederation, with the means employed to effect its purpose, and the resulting damages to the plaintiff. * * * The basis of action seems here to be, as stated in the declaration, the fraudulent and malicious acts of the defendant in

driving the plaintiff, Emma D. Van Horn, out of her business; the statement of the means used to effect this purpose all combine to produce a single cause of action  *  *  *."

After the declaration had been held good, the defendant pleaded the statute of limitations applicable solely to slander. The question raised by the second demurrer was whether or not the action was for words spoken. The Supreme Court in an opinion reported in 53 *N. J. L.* 514; 21 *Atl. Rep.* 1069, expressed itself as follows (at *p.* 515):

"We agree entirely with the conclusion heretofore reached in this court that this is an action on the case for malicious injury to the plaintiff in her business and not an action for words."

In the case *sub judice,* the plaintiff had the option (before the expiration of the statute of limitations), of suing for slander. In such a type of action he could possibly have proven by way of aggravation of damages, his loss of employment as a result of the slander.

But the authorities heretofore cited from New Jersey and other states clearly demonstrate that the causing of the loss of a person's employment wrongfully and maliciously is actionable. It cannot be contended in the instant case that slander is the gist of the action.

In *Brennan* v. *United Hatters, supra,* the court (at *p.* 737) said:

"In our opinion, the gist of the action is the damage caused to the plaintiff by an unwarranted interference with him in his employment as a hatter."

The Court of Errors and Appeals affirmed the decision of the Supreme Court in *Van Horn* v. *Van Horn, supra.* Our highest court in its opinion which is reported in 56 *N. J. L.* 318, declared (at *p.* 323):

"The rule to be deduced from these cases, and one which has the most ample support, is that, while a trader may lawfully engage in the sharpest competition with those in a like business by holding out extraordinary inducements, by representing his own wares to be better and cheaper than those of others, yet when he oversteps that line and commits an act

with the malicious intent of inflicting injury upon his rival's business, his conduct is illegal, and if damage results from it the injured party is entitled to redress.

*"Nor does it matter whether the wrongdoer effects his object by persuasion or by false representation. The courts look through the instrumentality or means used to the wrong perpetrated with the malicious intent, and base the right of action upon that."* (Italics supplied.)

The gravamen of the complaint under consideration is the alleged wrongful intent, on the part of the defendants, to maliciously cause the plaintiff to lose his employment. Slander was the means allegedly used by the defendants to accomplish their wrongful design, but their malicious intent rather than their alleged slander is nevertheless the gist of this cause of action.

The motion is denied.