EDNA VIRGINIA JOHNSON v. MYTOLENE GRAYE.

(Filed 16 December, 1959.)

1. Contracts § 31—

A third party who, acting without justification and not in the legitimate exercise of his own rights, induces one contracting party not to enter into or renew a contract with the other contracting party, may be held liable by either of the contracting parties for the malicious interference with his contractual rights.

**2. Contracts § 32: Master and Servant § 13: Libel and Slander § 1—**

Allegations to the effect that defendant school principal maliciously by false charges reflecting upon plaintiff's professional efficiency and character procured plaintiff's discharge by the school board and prevented the renewal of her contract as a teacher, relate to a cause of action for malicious interference with plaintiff's contractual rights, governed by the three-year statute, G.S. 1-52(5), and not a cause of action for libel and slander, and the court should have overruled defendant's motion to dismiss on the ground that the record disclosed that the action was for libel or slander brought more than one year after the alleged defamation. G.S. 1-54, G.S. 1-55.

**3. Pleadings § 15—**

A demurrer which fails to distinctly specify the grounds of objection may be disregarded. G.S. 1-128.　　　. . . .

**4. Pleadings § 20½—**

When a demurrer is sustained the action should be dismissed only if the allegations in the complaint affirmatively show that plaintiff has no cause of action against defendant.

**5. Pleadings § 16—**

A demurrer to a defective statement of a good cause of action comes too late after answer.

APPEAL by plaintiff from *Crissman, J.,* February 16, 1959 Civil Term, of GUILFORD (High Point Division).

Civil action to recover damages on account of the termination of plaintiff's contract with the High Point School Board, and on account of its failure to renew such contract, allegedly caused by defendant's wrongful conduct as set forth in the complaint.

In substance, plaintiff alleged: Plaintiff had been a teacher in the Fairview Street School in High Point, North Carolina, during the period 1944-1956, doing satisfactory work. On or about April 22, 1956, defendant, who was then principal of said school, made false charges against plaintiff, including seven specifically set forth, to the superintendent of the High Point City Schools. These false charges: (1) reflected "directly and unequivocally upon plaintiff's professional efficiency, ability, character and attitude"; (2) were made maliciously, "in a spirit of vindictiveness," for the "unjustifiable and unlawful purpose of having said plaintiff's contract with the High Point School Board terminated and for the further purpose of having said plaintiff's renewal contract denied and refused"; (3) "were material in forcing plaintiff's discharge and preventing a renewal of her contract as a teacher in said City School District."

Answering, defendant denied the alleged wrongful conduct and, by way of further answer, set up certain pleas in bar. She pleaded, *inter*

*alia,* in bar of plaintiff's action the six months statute of limitation applicable to actions for slander, G.S. 1-55, and the one year statute of limitation applicable to actions for libel, G.S. 1-54, asserting "That the cause of action alleged by the plaintiff, if any, is a cause of action for slander or libel."

Thereafter, defendant filed a motion to dismiss plaintiff's action on the ground that it was barred by said statutes of limitation. She based her motion to dismiss on these propositions: (1) As shown by the record, this action was commenced July 19, 1958. (2) As shown by plaintiff's admission, she was not under disability when her cause of action accrued (G.S. 1-17, G.S. 1-20), and no facts existed that would toll the running of the applicable statute of limitation. (3) As shown by the complaint, the cause of action, if any, alleged by plaintiff is for slander or libel.

The court, allowing defendant's said motion, entered judgment dismissing the action. The judgment recites, *inter alia:* "and counsel for plaintiff having admitted in open court that the plaintiff was suffering from no disability which would toll the Statute of Limitations and that there were no other extraneous facts which would toll the Statute of Limitations . . ."

Plaintiff excepted to said judgment and appealed.

*J. Kenneth Lee for plaintiff, appellant.*
*James B. Lovelace for defendant, appellee.*

BOBBITT, J.  Plaintiff's action was dismissed on the ground that it appears affirmatively, upon the record, admission and complaint, that it is barred by the statutes of limitation *relating to slander and libel.*

The gravamen of the cause of action alleged by plaintiff is defendant's alleged malicious interference with plaintiff's contractual relations with the High Point School Board. Plaintiff, in her complaint, does not use the words "slander," "libel" or "defamatory." She alleges the false statements of April 22, 1956, as overt acts to induce the High Point School Board to terminate plaintiff's contract and to refuse a renewal thereof.

Whether plaintiff could have based an action for slander or libel upon the alleged false statements of April 22, 1956, is beside the point. She did not elect to do so. The gist of her action is that defendant wrongfully and maliciously caused her to lose her employment; and the alleged false statements of April 22, 1956, are alleged as the means used by defendant to accomplish her unlawful design. *Strollo v. Jersey Central Power & Light Co.,* 20 N.J. Misc. 217, 26 A. 2d 559; *Sheppard v. Coopers' Incorporated,* 156 N.Y.S. 2d 391. "If defamation is the

means employed, the action is not one for libel or slander, but for the common-law wrong of malicious interference with contractual rights. The means used do not change the nature of the cause of action." *Chilton v. Oklahoma Tire & Supply Co.* (Oklahoma), 67 P. 2d 27, and cases cited.

"A party to a contract, whether of employment or otherwise, has a right of action against a person who has procured a breach of such contract by the other party thereto otherwise than in the legitimate exercise of his own rights, and without justification." 30 Am. Jur., Interference § 21. The essential elements of this tort are set forth by *Parker, J.,* in *Childress v. Abeles,* 240 N.C. 667, 84 S.E. 2d 176.

"It is generally held that the act of maliciously inducing a person not to enter into a contract with a third person, which he would otherwise have entered into, is actionable if damages result, although there is some authority to the contrary." 30 Am. Jur., Interference § 38. The cases cited in support of the majority rule include. *Coleman v. Whisnant,* 225 N.C. 494, 35 S.E. 2d 647. Also, see *Bohannon v. Trust Co.,* 210 N.C. 679, 188 S.E. 390, and cases cited therein, and Annotation: "Liability for preventing one from making specific contract," 99 A.L.R. 12.

Defendant's motion to dismiss does not undertake to specifiy wherein the complaint fails to allege facts sufficient to constitute a cause of action for malicious interference with plaintiff's contractual relations with the High Point School Board, the basis on which plaintiff seeks to recover. Nor does the judgment of dismissal so specify. Each contains the simple assertion that plaintiff's cause of action is for slander or libel.

In this novel procedural setting, the view most favorable to defendant is that the motion to dismiss, in respect of this feature of the case, should be treated as a demurrer to the complaint for failure to state facts sufficient to constitute a cause of action for malicious interference with plaintiff's contractual relations with the High Point School Board. *Elam v. Barnes,* 110 N.C. 73, 14 S.E. 621. When so considered, the following rules are apposite.

1. "The demurrer must distinctly specify the grounds of objection to the complaint, or it may be disregarded." G.S. 1-128; *Duke v. Campbell,* 233 N.C. 262, 63 S.E. 2d 555, and cases cited. The substantial reasons underlying this statutory provision are stated in *Love v. Commissioners,* 64 N.C. 706, and in *Elam v. Barnes, supra.*

2. "When a demurrer is sustained, the action will be *then dismissed* only if the allegations of the complaint *affirmatively disclose* a defective cause of action, that is, that plaintiff has no cause of action

against the defendant." *Lumber Co. v. Pamlico County,* 250 N.C. 681, 685, 110 S.E. 2d 278, and cases cited.

3. "A demurrer to a defective statement of a good cause of action comes too late after answer." *Davis v. Rhodes,* 231 N.C. 71, 74, 56 S.E. 2d 43; McIntosh, North Carolina Practice and Procedure, § 443.

The court below should have overruled (disregarded) defendant's motion to dismiss on account of defendant's failure to specify wherein she contended the complaint failed to allege facts sufficient to constitute a cause of action for malicious interference with plaintiffs contractual relations with the High Point School Board. Indeed, the brief filed by defendant in this Court does not undertake to specify any deficiency in plaintiff's allegations in respect of such cause of action.

We are not disposed to examine the complaint critically with the view of determining whether plaintiff's statement of a good cause of action is in any respect defective. Indeed, if the allegations are defective in any particular, it would be of no avail to defendant in relation to her motion to dismiss. Suffice to say, the allegations of the complaint do not affirmatively disclose that plaintiff has no cause of action against defendant for malicious interference with her contractual relations with the High Point School Board; and, as to such cause of action, the three year statute of limitation is applicable. G.S. 1-52(5).

For the reasons stated, the judgment dismissing plaintiff's action is reversed.

Reversed.