MARY ALICE PRESNELL v. JOE A. PELL, JR.; CLINTON W. MOSELEY; GROVER W. HANES, JR.; JAMES R. MARION; CLAUDE V. AYERS; FRED A. HOLDER; BILLY SMITH; DOYLE KEY; TALMAGE CROUSE; JAMES S. NIXON; INDIVIDUALS AND SURRY COUNTY BOARD OF EDUCATION; DENNIS SMITHERMAN, INDIVIDUALLY AND AS PRINCIPAL OF MOUNTAIN PARK ELEMENTARY SCHOOL; AND CHARLES C. GRAHAM, INDIVIDUALLY AND AS THE SUPERINTENDENT OF SURRY COUNTY SCHOOL SYSTEM

No. 7817SC325

(Filed 6 February 1979)

1. **Libel and Slander § 14.3— bad faith and malice alleged—pleading of qualified privilege insufficient to require dismissal of action**

Where plaintiff, the manager of a public school cafeteria, alleged that defendant school principal made certain defamatory remarks about her which

Presnell v. Pell

caused her discharge from employment, and plaintiff further specifically alleged that the actions of the principal were taken in bad faith and maliciously, such allegations were sufficient to overcome defendants' motion to dismiss based upon qualified or conditional privilege.

2. **Administrative Law § 2; Constitutional Law § 23.1; Master and Servant § 10.2; Schools § 13.2— school cafeteria manager—allegedly wrongful discharge without hearing—deprivation of liberty without due process**

Since no statute provided plaintiff the right to a hearing prior to her discharge as a public school cafeteria manager, and she failed to pursue the exclusive administrative remedy and appeal therefrom as required by G.S. 115-34, her complaint presented no basis under G.S. 115-34 for the appellate jurisdiction of the trial court over her claim for wrongful discharge; however, plaintiff's allegation that she was discharged from employment because of false accusations that she had brought liquor into the public school in which she was employed and had dispensed it to other employees of the county in the very area in which she worked as cafeteria manager and her further allegations that defendant principal conveyed the reason for her discharge to her fellow employees properly alleged a deprivation of her liberty by the defendants, and the addition of her allegation that she was deprived of her liberty in this manner without the opportunity for a *prior* hearing formed the basis for a justiciable claim of deprivation of liberty without due process.

APPEAL by plaintiff from *Kivett, Judge.* Judgment entered 10 February 1978 in Superior Court, SURRY County. Heard in the Court of Appeals sitting in Winston-Salem 6 December 1978.

This is an action brought by the plaintiff, the manager of a public school cafeteria, alleging that she had been wrongfully discharged from her employment by the defendants. She further alleged that one of the defendants made certain defamatory remarks about her which caused her discharge from employment.

By her complaint the plaintiff, Mary Alice Presnell, alleged that prior to her discharge on 13 December 1976 she had been employed by the defendant, the Surry County Board of Education, as manager of the cafeteria in Mountain Park Elementary School. She had been employed in the cafeteria of that school for a total of eighteen years and had held the position of manager for fourteen years.

The plaintiff alleged that shortly prior to 13 December 1976, the defendant Dennis Smitherman, the principal of the school, falsely accused her of bringing liquor onto the premises of the school and delivering it to painters employed by the County and working in the cafeteria. The plaintiff denied the accusations and

requested a confrontation with the sources of the information relied on by the principal in making the accusations. The defendant Smitherman refused to identify the individuals who were the sources of his information and denied the plaintiff the opportunity to confront those individuals.

The plaintiff also alleged that sometime prior to 13 December 1976, the defendant Charles C. Graham, the Superintendent of Schools of Surry County, and the defendant Smitherman called the district school committee, the Mountain Park Elementary School Board, into a meeting without notice to the plaintiff and without the plaintiff being present. It was agreed at this meeting to terminate the plaintiff's employment and to discharge her from her duties. The plaintiff was not presented with specifications of charges against her or given the opportunity to be present, heard, present evidence or confront and cross-examine her accusers if any. Additionally, the Surry County Board of Education did not conduct a hearing in connection with the plaintiff's discharge from employment prior to her actual discharge from the position she held.

The plaintiff alleged that the defendant Smitherman terminated her employment on 13 December 1976 based upon the stated false accusations and thereby gave currency to the accusations. She additionally alleged that at the time of her discharge from employment, the defendant Smitherman published the false accusations against her to her fellow employees maliciously and in bad faith.

The plaintiff alleged that her discharge from employment was wrongful and in violation of the General Statutes of North Carolina, the Constitution of the United States and the Constitution of North Carolina. She therefore prayed that the trial court enter an injunction directing the defendants, the members of the Surry County Board of Education, to consider her discharge in the good faith exercise of their duties and to grant her a hearing on appeal before the Surry County Board of Education pursuant to the terms of G.S. 115-34. The plaintiff additionally sought actual and punitive damages for her wrongful discharge. With regard to her claim for relief for defamation by the allegedly false and slanderous remarks made by the defendant Smitherman, the plaintiff sought additional actual and punitive damages. She also

sought such other and further relief as to which she might be entitled.

The defendants moved to dismiss pursuant to G.S. 1A-1, Rule 12 (b)(6) for failure of the complaint to state a claim upon which relief could be granted and pursuant to G.S. 1A-1, Rule 12(b)(1) for lack of jurisdiction over the subject matter. The trial court entered judgment on 10 February 1978 granting the defendants' motions as to each of the plaintiff's claims for relief for the failure of each to state a claim upon which relief could be granted. Additionally, the trial court granted the defendants' motion to dismiss the plaintiff's claim for relief for wrongful discharge upon the ground of lack of jurisdiction over the subject matter in that the plaintiff had failed to exhaust the administrative remedies provided by G.S. 115-34. From this judgment of the trial court granting dismissal of each of her claims for relief, the plaintiff appealed.

*Franklin Smith for plaintiff appellant.*

*Faw, Folger, Sharpe & White, by Fredrick G. Johnson, for defendants appellees.*

MITCHELL, Judge.

[1]   The plaintiff assigns as error the trial court's dismissal of her claim for relief for "slander and defamation" based upon her allegations that the principal of Mountain Park Elementary School, the defendant Smitherman, falsely accused her of bringing liquor into her place of employment in the public school and distributing it to others present. She contends that these false allegations caused her to be discharged and reflected discredit upon her character related to her employment. The defendant responds that the trial court's ruling was proper as any statements made about the defendant by the principal were protected as qualifiedly or conditionally privileged communications made in good faith concerning matters which arose from the principal's duties under law. In the present case, however, the plaintiff specifically alleged in her complaint that the actions of the principal were taken in bad faith and maliciously. Such allegations are sufficient at the pleading stage of an action to overcome the defense of conditional or qualified privilege which arises only from good faith actions. 8 Strong's N.C. Index 3d, Libel and Slander § 9, p. 343. A communication which is qualifiedly privi-

leged is actionable upon a showing of actual malice. *R. H. Bouligny, Inc. v. United Steel Workers of America,* 270 N.C. 160, 154 S.E. 2d 344 (1967). Therefore, the plaintiff's specific allegation of malice was sufficient when taken with the other allegations of her complaint to overcome the defendants' motion to dismiss based upon qualified or conditional privilege.

The plaintiff alleged in the complaint that the principal, the defendant Smitherman, falsely and maliciously accused her of bringing liquor into the area of the public school in which she was employed as cafeteria manager and dispensing the liquor to other county employees present. She also alleged that the principal unnecessarily and excessively publicized these false accusations by relating them to the plaintiff's fellow employees, who apparently had no responsibility concerning the determination as to whether the plaintiff's employment should be terminated. Such allegedly false accusations imputed conduct derogatory to the character and standing of the plaintiff as a public employee and tended to prejudice her in her capacity as a public employee and were actionable per se. *Badame v. Lampke,* 242 N.C. 755, 89 S.E. 2d 466 (1955); *Stewart v. Nation-Wide Check Corp.,* 9 N.C. App. 172, 175 S.E. 2d 615 (1970), *rev'd on other grounds,* 279 N.C. 278, 182 S.E. 2d 410 (1971); Annot., 6 A.L.R. 2d 1008 (1949); Annot., 58 A.L.R. 1157 (1929). The allegations of the plaintiff's complaint set forth a claim for relief for slander which, for the reasons previously stated herein, was not defeated by the defendants' defense of conditional or qualified privilege.

We note that the allegations of the plaintiff's complaint also presented a claim for relief for the common-law wrong of malicious interference with contractual rights, as it indicates that some of the allegedly false statements were maliciously employed as the means of bringing about the plaintiff's discharge from her employment. The plaintiff has not, however, sought to pursue a claim for relief based upon this theory by exception, assignment of error or argument and we deem it abandoned.

In *Johnson v. Graye,* 251 N.C. 448, 111 S.E. 2d 595 (1959), the Supreme Court of North Carolina held that a complaint by a teacher against a principal setting forth allegations similar to those presented by the complaint of the plaintiff in the present case established a claim for relief for malicious interference with

contractual rights and not a claim for libel or slander. We do not, however, view *Johnson* as authority for the proposition that one course of conduct cannot support claims for relief on both theories of slander and malicious interference with contractual rights. That case presented a fact situation in which the allegedly false accusations functioned only as a means employed in procuring the plaintiff's discharge from employment. Here, on the other hand, the plaintiff specifically alleged that, in addition to being used as the means to secure her discharge, the false and malicious accusations were published to her fellow employees who had no responsibility for or participation in her discharge thereby causing additional damages. We do not think that the holding in *Johnson* in any way prevented the plaintiff from properly pursuing a claim for relief for both defamation and malicious interference with contractual rights based on the allegations set forth in her complaint. Nor do we think *Johnson* provided authority for the trial court's judgment dismissing the claim for relief for slander which she chose to pursue.

For purposes of a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the allegations of the complaint must be treated as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976). A complaint is sufficient to withstand the motion to dismiss where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and the allegations contained therein are sufficient to give the defendant sufficient notice of the nature and basis of the plaintiff's claim to enable him to answer and prepare for trial. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). A plaintiff's claim for relief should not be dismissed unless it affirmatively appears that the plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim. *Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976). Viewed in light of these rules, we find that the plaintiff's claim for relief for defamation was sufficient to withstand the defendants' motion to dismiss made pursuant to G.S. 1A-1, Rule 12(b)(6) and that the trial court erred in granting that motion.

[2] The plaintiff also assigns as error the dismissal by the trial court of her claim for relief based upon her allegations that she was wrongfully discharged from her employment as cafeteria manager of Mountain Park Elementary School. In support of this

assignment, the plaintiff contends that she was wrongfully discharged without the opportunity for a prior hearing and that her discharge in this manner violates G.S. 115-34. The defendants respond that the plaintiff failed to exhaust her administrative remedies as provided by G.S. 115-34. They further contend that this failure to exhaust the administrative remedies provided by that statute deprived the trial court of subject matter jurisdiction over the plaintiff's claim for relief for wrongful discharge and that the trial court's ruling dismissing this claim for relief pursuant to G.S. 1A-1, Rule 12(b)(1) and (6) was, therefore, correct.

For the purposes of this appeal, it is unnecessary for us to consider or determine whether any group or person other than the Surry County Board of Education had authority to discharge the plaintiff. *Compare* G.S. 115-35(b) *with* G.S. 115-58. The plaintiff has alleged in her complaint that she was in fact denied continued employment in the school by the alleged acts of the defendant Smitherman and others and has, therefore, presented a colorable claim of "discharge" from employment.

No General Statute of North Carolina specifically requires that a hearing be afford individuals employed as cafeteria workers or managers in public schools *prior* to their discharge from employment. G.S. 115-34 does provide such individuals the right to appeal any such discharge to the appropriate county or city board of education. That statute further provides that such individuals may appeal the resulting decision by the county or city board of education to superior court if the decision is one affecting the individual's "character or right to teach." Instead of pursuing the procedure set forth in G.S. 115-34 and later appealing an adverse decision to superior court, the plaintiff chose to initiate this action by filing a complaint in superior court. As no statute provides the plaintiff the right to a hearing prior to discharge, and she has failed to pursue the exclusive administrative remedy and appeal therefrom as required by G.S. 115-34, her complaint presented no basis under G.S. 115-34 for the appellate jurisdiction of the trial court over this claim. *King v. Baldwin,* 276 N.C. 316, 172 S.E. 2d 12 (1970); *Elmore v. Lanier,* 270 N.C. 674, 155 S.E. 2d 114 (1967).

The plaintiff additionally contends, however, that her allegedly wrongful discharge without the opportunity for a prior hearing was violative of the Due Process Clause of the Fourteenth

Presnell v. Pell

Amendment to the Constitution of the United States and, thus, presented the trial court with a claim over which it had jurisdiction. We find this contention meritorious.

By her complaint the plaintiff alleged that she was discharged by the defendant Smitherman after consultation by him with the "local board of education." It is apparent from the face of the complaint that the reference to a "local board of education" was actually a reference to a district school committee established pursuant to G.S. 115-70 for the district for which the Mountain Park Elementary School was located. The plaintiff alleged in her complaint that her discharge was based upon false accusations that she had taken liquor onto the premises of the school and given it to painters employed by the county and working in the school cafeteria in which the plaintiff was employed as manager. She additionally alleged that this reason for her discharge was made public by the defendant Smitherman when he conveyed it to the plaintiff's fellow employees.

The Due Process Clause of the Fourteenth Amendment to the Constitution of the United States contains the specific commandment "nor shall any state deprive any person of life, liberty, or property, without due process of law." Although the plaintiff alleged that she was employed on a year-to-year contract basis, it is unnecessary for us to consider this allegation or to determine whether she possessed a resulting property interest in her employment in this case. We find her complaint states a claim for relief for deprivation of liberty without a hearing and, therefore, without due process of law, even if her employment was terminable at will.

Mere nonretention or discharge of a public employee whose position is terminable at the will of the employer will not alone suffice to support a claim for deprivation of the employee's liberty. *Bishop v. Wood*, 426 U.S. 341, 48 L.Ed. 2d 684, 96 S.Ct. 2074 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 33 L.Ed. 2d 548, 92 S.Ct. 2701 (1972); *Nantz v. Employment Security Comm.*, 290 N.C. 473, 226 S.E. 2d 340 (1976). In such cases the employee remains as free as before to seek another job and is not deprived of liberty. However, in *Roth* the Supreme Court of the United States specifically pointed out that:

The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community. It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case. For "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." . . . In such a case, due process would accord an opportunity to refute the charge before Univeristy officials. In the present case, however, there is no suggestion whatever that the respondent's "good name, reputation, honor, or integrity" is at stake.

Similarly, there is no suggestion that the State, in declining to re-employ the respondent, imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities. . . . The Court has held for example, that a State, in regulating eligibility for a type of professional employment cannot foreclose a range of opportunities "in a manner . . . that contravene[s] . . . Due Process," . . . and, specifically, in a manner that denies the right to a full prior hearing.

408 U.S. 564, 573-74, 33 L.Ed. 2d 548, 558-59, 92 S.Ct. 2701, 2707.

The plaintiff in the present case alleged that she was discharged from employment by virtue of false accusations that she had brought liquor into the public school in which she was employed and had dispensed it to other employees of the county in the very area in which she worked as cafeteria manager. Should it be determined that this allegation of the complaint is true, we think it sufficient to present a situation in which her "good name, reputation, honor, or integrity is at stake." *Cf.* Annot., 6 A.L.R. 2d 1008 (1949). *Cf.* Annot., 58 A.L.R. 1157 (1929) (allegations of drunkenness touching one in relation to his trade). The plaintiff additionally alleged that the accusations which formed the basis for her discharge from employment were not true and were publicized. Therefore, her complaint properly alleged a deprivation of her liberty by the defendants. The addition of her allegation that she was deprived of her liberty in this manner without the opportunity for a *prior* hearing formed the basis for a

justiciable claim of deprivation of liberty without due process. *Board of Regents v. Roth*, 408 U.S. 564, 574, 33 L.Ed. 2d 548, 559, 92 S.Ct. 2701, 2707 (1972); *Perry v. Sindermann*, 408 U.S. 593, 599, 33 L.Ed. 2d 570, 578, 92 S.Ct. 2694, 2698 (1972). *See Nantz v. Employment Security Comm.*, 290 N.C. 473, 226 S.E. 2d 340 (1976).

It is correct, of course, that G.S. 115-34 provided the plaintiff an opportunity for a hearing by the Surry County Board of Education for the purpose of an appeal reviewing the actions of school personnel with regard to her discharge. That statute, however, gave authority only for a hearing *after* the decision to discharge her had been made. It is also correct, as stated by the defendants, that, "[W]hen the legislature has provided an *effective* administrative remedy, it is exclusive." *King v. Baldwin*, 276 N.C. 316, 321, 172 S.E. 2d 12, 15 (1970) (emphasis added). Here, however, the legislature provided the plaintiff the opportunity for a hearing *after* her discharge from employment, while the Constitution entitled her to such hearing *prior* to her discharge. An administrative remedy which does not comply with the mandates of the Constitution cannot be held to constitute an *effective* administrative remedy. As the plaintiff did not have an effective administrative remedy, she was not required to exhaust her administrative remedies before bringing this action in the trial court. For these reasons, we find that the trial court erred in dismissing, pursuant to G.S. 1A-1, Rule 12(b)(1) and (6), the plaintiff's claim for relief for wrongful discharge from employment in violation of the Fourteenth Amendment.

For the reasons previously set forth, we hold that the judgment of the trial court granting the defendants' motions to dismiss the plaintiff's claims for relief for wrongful discharge from employment and for slander must be and is hereby reversed and the cause remanded for further proceedings in accordance with the Constitution of the United States and applicable law.

Reversed and remanded.

Judges CLARK and WEBB concur.