HATTIE ANGEL v. ROBERT L. WARD, INDIVIDUALLY AND AS A PARTNER, AND STRAND, SKEES, JONES & COMPANY, A GENERAL PARTNERSHIP ORGANIZED UNDER THE LAWS OF THE STATE OF NORTH CAROLINA

No. 7821SC1073

(Filed 16 October 1979)

1. **Libel and Slander § 14.3— absolute and qualified privilege—pleadings**

    The defendants in a libel action sufficiently pleaded the affirmative defenses of absolute and qualified privilege.

2. **Libel and Slander § 5.2— letter questioning competence in profession—libel per se**

    A letter from a CPA to the Internal Revenue Service which complained about plaintiff Internal Revenue Service agent's treatment of the CPA's clients and the agent's competence to conduct examinations of tax returns was libelous *per se.*

3. **Libel and Slander § 9— qualified privilege—Internal Revenue Service agent as public official**

    An Internal Revenue Service agent is a public official within the meaning of the rule that a public official may not recover in a suit for libel based upon defamatory criticism of his official conduct without proof that the defendant acted with actual malice.

4. **Libel and Slander § 11— absolute privilege—letter sent to Internal Revenue Service—quasi-judicial proceeding**

    A letter sent by defendant CPA to the Internal Revenue Service at the request of plaintiff Internal Revenue Service agent's immediate supervisor, who was putting together an evidentiary file to support his superior's decision to terminate plaintiff's employment with the Internal Revenue Service, was absolutely privileged as a communication submitted in a quasi-judicial administrative proceeding.

Angel v. Ward

**5. Contracts § 34; Master and Servant § 13— malicious interference with employment contract—summary judgment**

> The trial court properly entered summary judgment for defendants in plaintiff's action for malicious interference with her contract of employment by a letter sent by defendants to her employer where plaintiff's own evidence showed that the letter was solicited by plaintiff's employer in contemplation of terminating plaintiff's employment and that the letter did not induce plaintiff's employer to terminate her employment.

APPEAL by plaintiff from *McConnell, Judge.* Judgment entered 28 April 1978 in Superior Court, FORSYTH County. Heard in the Court of Appeals 24 August 1979.

Plaintiff, a former Internal Revenue Service agent, filed suit against defendants alleging libel and malicious interference with her employment contract with the Internal Revenue Service.

Defendants, Robert L. Ward, individually, and as a partner in Strand, Skees, Jones and Company, a certified public accounting firm, and Strand, Skees, Jones and Company filed an answer asserting as affirmative defenses truth, absolute privilege, and qualified privilege.

Defendant Ward had telephoned Mr. William Temple Allen, plaintiff's immediate supervisor, to complain about the manner in which plaintiff treated his firm's clients and her competence to conduct examinations of tax returns. Mr. Allen had requested Ward to place his complaints in writing, and he did. Plaintiff's job was subsequently terminated, and she filed suit.

After filing of answers to interrogatories and the taking of depositions, defendants moved for summary judgment. From the entry of summary judgment, plaintiff appeals.

*Stephens, Peed & Brown, by Charles O. Peed, for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson, by William F. Maready and Robert J. Lawing, for defendant appellees.*

ERWIN, Judge.

[1] Appellant contends that appellees failed to plead the affirmative defenses of privilege and thereby lose the right to claim such affirmative defenses. We disagree.

Angel v. Ward

In Count II of their answer, defendants alleged:

"Any statements or publications of any materials made by the defendants, or any of them, with respect to the plaintiff were made on a confidential basis, were made in good faith, were made in connection with a quasi-judicial proceeding, and were pertinent and relevant thereto. . . . and the defendants plead absolute privilege in bar of the plaintiff's right to recover in this action.

. . .

Even if any such statements or publications of the defendants, or any of them, were not absolutely privileged, which is denied, then such statements were qualifiedly privileged and justified, being made concerning a public official in connection with her official capacity and being made in good faith on a matter in which the defendants had an interest, and the defendants plead qualified privilege in bar of the plaintiff's right to recover in this action."

All that G.S. 1A-1, Rule 8(c), of the Rules of Civil Procedure requires is that the pleading of an affirmative defense contain "a short and plain statement of any matter constituting an avoidance or affirmative defense sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved." G.S. 1A-1, Rule 8(c), of the Rules of Civil Procedure. Plaintiff was made well aware of the essence of defendants' answer. If not, their remedy was to move for a more definite statement of facts. *See Redevelopment Comm. v. Grimes*, 277 N.C. 634, 178 S.E. 2d 345 (1971). We hold that the appellees have properly alleged the affirmative defenses of absolute and qualified privilege.

[2] In his letter, defendant Ward alleged:

"Mr. Bill Allen
Internal Revenue Service
Greensboro, N. C.

Dear Bill:

It is not my usual manner to make a formal presentation of the inadequacies of a person's work. . . .

Ms. Angel has examined the tax returns of several of our clients in Greensboro and in Reidsville. Our Reidsville manager complained of the manner in which she conducted her examination. He expressed concern for the harrassment [sic] of the client whose tax return was under review. Another partner in our Greensboro office expressed similar concern with respect to his client's treatment at the hands of Ms. Angel. She may not have intended to harrass [sic] the client, but the vindictive way the questions were expressed certainly caused adverse reactions on the part of these respective clients and the partners in charge. The Greensboro partner pointed out Ms. Angel's inability to grasp certain fundamental accounting practices.

. . . Throughout the examination she exhibited an inability to draw an issue to any conclusion that gave any weight to the merits of the client's arguments. This trait, coupled with accusative comments, suggests a type of fear that she would be tricked and that any comments on my part were made only to defer her attention from the questions she had raised. Frequently I found myself trying to explain to Ms. Angel *routine* accounting entries and the related tax treatment of certain transactions which revealed at least a level of expertise below what one should expect of an Internal Revenue Agent.
. . .

The professionalism exhibited by the great majority of Internal Revenue Agents suggests that an exception to the rule should be called to your attention.

> Very truly yours,
> STRAND, SKEES, JONES & COMPANY
> s / ROBERT L. WARD
> CPA, Partner"

These remarks were libelous *per se*. A written publication is libelous *per se*, if when considered alone without innuendo, it tends to subject one to ridicule, public hatred, contempt, or disgrace, or tends to impeach one in his trade or profession. *Arnold v. Sharpe*, 296 N.C. 533, 251 S.E. 2d 452 (1979); *Kindley v. Privette*, 241 N.C. 140, 84 S.E. 2d 660 (1954). Defendants' communication falls into the latter category. It tends to impeach plaintiff in her trade or profession and is libelous *per se*. *See*

*Kindley v. Privette, supra; Pentuff v. Park,* 194 N.C. 146, 138 S.E. 616 (1927); *Ramsey v. Cheek,* 109 N.C. 270, 13 S.E. 775 (1891).

[3] Normally, a private citizen interested in the proper and efficient administration of public service has the right to criticize public officers and to communicate such criticism to the official's superiors unless the criticism is made (1) with knowledge at the time that the words are false, or (2) without probable cause or without checking for truth by the means at hand. *Ponder v. Cobb,* 257 N.C. 281, 126 S.E. 2d 67 (1962); *Ramsey v. Cheek, supra; Dellinger v. Belk,* 34 N.C. App. 488, 238 S.E. 2d 788 (1977), *dis. rev. denied,* 294 N.C. 182, 241 S.E. 2d 517 (1978).

Appellant contends that an Internal Revenue Service agent is not a public official, and thus, the rule set out in *Ponder v. Cobb, supra,* is inapplicable. This argument is without merit.

As an Internal Revenue Service agent, plaintiff acted on behalf of the government in an official capacity. In *Cline v. Brown,* 24 N.C. App. 209, 210 S.E. 2d 446 (1974), *cert. denied,* 286 N.C. 412, 211 S.E. 2d 793 (1975), we held that a deputy sheriff was a public official within the meaning of the rule established in *New York Times Co. v. Sullivan,* 376 U.S. 254, 11 L.Ed. 2d 686, 84 S.Ct. 710 (1964), that a public official could not recover in a suit for libel based upon defamatory criticism of his official conduct without proof that the defendant acted with actual malice. In doing so, we noted:

> "The Court in *Sullivan* did not specify how far down the governmental hierarchy the privilege of comment on governmental conduct would go. . . .
>
>> 'Criticism of those responsibe [sic] for government operations must be free, lest criticism of government itself be penalized. It is clear, therefore, that the "public official" designation applies at the very least to those among the hierarchy of government employees who have, or appear to the publice [sic] to have, substantial responsibility for or control over the conduct of governmental affairs.' "

*Id.* at 214, 210 S.E. 2d at 448-49. An Internal Revenue Service agent falls within the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs. Insofar as

the average taxpayer is concerned, the Internal Revenue Service agent is the federal government for tax assessment purposes. No constitutional difference exists between "police work" entailed in the assessment and collection of taxes and that involved in the enforcement of other governmental laws.

[4]  Had defendants merely mailed the letter to plaintiff's superiors, the communication would have been entitled to a qualified privilege. *Ponder v. Cobb, supra; Ramsey v. Cheek, supra; Cline v. Brown, supra;* 50 Am. Jur. 2d, Libel and Slander, § 219, pp. 730-31. However, in the instant case, defendants admittedly submitted their letter upon the request of plaintiff's immediate supervisor, who was putting together an evidentiary file to support his superior's decision to terminate plaintiff's employment with the Internal Revenue Service. Defendants contend that this circumstance raises their privilege to the status of an absolute privilege. We agree.

A defamatory statement made in the due course of a judicial proceeding is absolutely privileged. *Bailey v. McGill,* 247 N.C. 286, 100 S.E. 2d 860 (1957); *Jarman v. Offutt,* 239 N.C. 468, 80 S.E. 2d 248 (1954). The privilege attending communications made in the course of judicial proceedings has been extended to protect communications in an administrative proceeding only where the administrative officer or agency in the proceeding in question is exercising a judicial or quasi-judicial function. *Mazzucco v. Board of Medical Examiners,* 31 N.C. App. 47, 228 S.E. 2d 529, *appeal dismissed,* 291 N.C. 323, 230 S.E. 2d 676 (1976); Annot. 45 A.L.R. 2d 1298 (1956).

In Black's Law Dictionary (4th ed. rev. 1968), quasi-judicial is defined as "[a] term applied to the action, discretion, etc., of public administrative officers, who are required to investigate facts, or ascertain the existence of facts, and draw conclusions from them, as a basis for their official action, and to exercise discretion of a judicial nature." *Id.* at 1411. Mr. Allen in his solicitation of defendants' letter was acting for and on behalf of the Internal Revenue Service in a governmental matter. He was in the process of evaluating plaintiff in connection with her employment. The agency had decided to terminate plaintiff's employment, and Mr. Allen was preparing an evidentiary file to support the termination decision. The proceeding was quasi-judicial in nature, and defendants'

communications were absolutely privileged. *Cf. Holmes v. Eddy*, 341 F. 2d 477 (4th Cir. 1965), *cert. denied*, 382 U.S. 892, 15 L.Ed. 2d 149, 86 S.Ct. 185 (1965), *reh. denied*, 383 U.S. 922, 15 L.Ed. 2d 678, 86 S.Ct. 881 (1966). *Foltz v. Moore McCormack Lines*, 189 F. 2d 537 (2d Cir. 1951), *cert. denied*, 342 U.S. 871, 96 L.Ed. 655 (1951).

In *Holmes v. Eddy, supra*, the Fourth Circuit Court of Appeals held that an affidavit filed by a private citizen at the request of the Securities Exchange Commission during an investigation of plaintiffs for fraudulent practices was an absolutely privileged communication. As in the instant case, the private citizen had initiated communication with the governmental agency. Notwithstanding this fact, the Fourth Circuit Court of Appeals held that the communication was privileged as a communication made in a judicial proceeding. *Contra, Toker v. Pollak*, 44 N.Y. 2d 211, 376 N.E. 2d 163, 405 N.Y.S. 2d 1 (1978) (affidavit filed by private citizen at request of district attorney in lieu of testifying before grand jury only qualifiedly privileged). Although the Internal Revenue Service administrative procedure for termination or promotion of an employee is quasi-judicial, the quantum of the privilege is the same — an absolute one. *Bailey v. McGill, supra; Jarman v. Offutt, supra; Mazzucco v. Board of Medical Examiners, supra*. We hold that the trial court properly entered summary judgment on plaintiff's libel claim.

[5] In her complaint, plaintiff also alleged defendants maliciously interfered with her contractual rights resulting in her discharge. Malicious interference with contractual rights is a common law wrong and may constitute a claim for relief where defamatory statements are the alleged means of interference. *Presnell v. Pell*, 39 N.C. App. 538, 251 S.E. 2d 692 (1979). Thus, a plaintiff may properly sue on claims for relief for malicious interference with contractual rights resulting from defamatory statements and for libel or slander. *Presnell v. Pell, supra*; 45 Am. Jur. 2d, Interference, § 15, p. 292-93.

Appellant contends the trial court's entry of summary judgment on her claim for malicious interference with contractual rights was error. We disagree.

Entry of summary judgment is proper where (1) there is no genuine issue as to any material fact and (2) the moving party is

---

---

entitled to a judgment as a matter of law. G.S. 1A-1, Rule 56(c), of the Rules of Civil Procedure; *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

Mr. Allen, plaintiff's immediate supervisor, stated in his deposition:

"The termination proceedings evolved from the promotion appraisal. I got instructions from my branch chief, Gene Morrow, to prepare an evidence file in support of proposed charges and specifications against Mrs. Angel. After I turned the appraisal in, as to the four unsatisfactory ratings one of them had to do with 'meet and deal' qualities in dealing with the public and I don't know exactly what happened, but I do know my branch chief indicated that based upon what I had represented in the performance appraisal, that there may be a basis for a rule of conduct violation here.

\* \* \*

I was acting in my capacity as group manager for the Internal Revenue Service in requesting these letters."

In her own deposition, plaintiff stated:

"Paragraphs 9G and 9H allege that the Internal Revenue Service solicited derogatory information about me from sources outside the Internal Revenue Service. It is specifically my contention that the letter previously referred to as Plaintiff's Exhibit A in the lawsuit against Strand, Skees, Jones and Company, was some of the information solicited by the Internal Revenue Service. I believe that Mr. William Temple Allen solicited this information. The lawsuit entitled *HATTIE ANGEL v. MR. ALEXANDER*, as Commissioner of Internal Revenue Service, does allege that I was dismissed on the basis of sexual discrimination."

Defendants did not offer any evidence to contradict plaintiff's evidence.

In order to establish the tort of malicious interference with a contract right, the plaintiff had to prove:

" '. . . *First*, that a valid contract existed between the plaintiff and a third person, conferring upon the plaintiff some contractual right against the third person. *Second*, that the outsider had knowledge of the plaintiff's contract with the third person. *Third*, that the outsider intentionally *induced the third person* not to perform his contract with the plaintiff. *Fourth*, that in so doing the outsider acted without justification. *Fifth*, that the outsider's act caused the plaintiff actual damages.' (Citations omitted.)" (Emphasis added.)

*Smith v. Ford Motor Co.*, 289 N.C. 71, 84-85, 221 S.E. 2d 282, 290 (1976), quoting *Childress v. Abeles*, 240 N.C. 667, 674, 84 S.E. 2d 176, 181-82 (1954), *petition for reh. dismissed*, 242 N.C. 123, 86 S.E. 2d 916 (1955); *Fitzgerald v. Wolf*, 40 N.C. App. 197, 252 S.E. 2d 523 (1979).

One of the elements essential to establish the tort is the *inducement* of a third person not to perform his contract with the plaintiff. The uncontroverted evidence presented by plaintiff is that the Internal Revenue Service was the *inducer* not the *inducee* in the termination of plaintiff's employment. By her own evidence, the plaintiff has established the non-existence of an essential element of her claim. In such a circumstance, entry of summary judgment is proper. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974).

The judgment entered by the trial court is

Affirmed.

Judges CLARK and WELLS concur.