**David I. SMITH, Plaintiff,**

v.

**Robert McDONALD, Defendant.**

**Civ. No. C–81–475–G.**

United States District Court,
M.D. North Carolina,
Greensboro Division.

April 26, 1991.

William A. Eagles, B.F. Wood, Graham, N.C., for plaintiff.

William Woodward Webb, Randolph Palmer Sugg, Raleigh, N.C., Kenneth B. Oettinger, for defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This case is again before the court on Defendant's motion for attorney's fees as a result of the Fourth Circuit Court of Appeals' February 2, 1990, 895 F.2d 147, decision interpreting North Carolina law as conferring an absolute privilege on Defendant's letters to the President of the United States, with copies to a few other public officials, concerning Plaintiff's fitness for the position of United States Attorney for the Middle District of North Carolina.

In their argument in support of Defendant's motion, Defendant's attorneys contend that the Plaintiff "knew or should have known that McDonald's letters were privileged under the public interest doctrine," and that "it is clear that Plaintiff and his attorneys, if they researched their case, were aware of the limits placed on libel actions." The court finds these arguments surprising in light of this court's previous consideration of this very issue, *Smith v. McDonald*, 562 F.Supp. 829, 834–

35 (M.D.N.C.1983), the Supreme Court's approval of this court's interpretation of the North Carolina common law (albeit dicta), *McDonald v. Smith*, 472 U.S. 479, 485, 105 S.Ct. 2787, 2791, 86 L.Ed.2d 384 (1985), and the language of the North Carolina Court of Appeals in *Angel v. Ward*, 43 N.C.App. 288, 258 S.E.2d 788 (1979), despite the Fourth Circuit's ultimate interpretation of the *Angel* decision and North Carolina law (without distinguishing or acknowledging the Supreme Court's language).

■ In support of the contention that Defendant is entitled to counsel fees because the Plaintiff and his attorneys knew, or should have known had they possessed minimal legal competence, that Defendant's letters were privileged under the "public interest doctrine," counsel cites *Johnston v. Time, Inc.*, 321 F.Supp. 837, 852 (M.D.N.C.1970), *aff'd in part, vacated in part, and remanded*, 448 F.2d 378 (4th Cir.1971); Defendant and his attorneys also rely on *Johnston*, and *Angel v. Ward*, to support their contention that Plaintiff and his counsel should have been aware of the limits placed on libel actions; finally, Defendant and his counsel argue that Defendant's protection and vindication of his first amendment rights justify an award of counsel fees as a matter of public policy.

The court finds Defendant's arguments totally without merit. First, counsel misunderstands the *Johnston* decision. The district court and the court of appeals in that case both recognized that if the plaintiff was a public figure or if the speech dealt with a matter of public interest the plaintiff would have to prove that the defendant had published the challenged item with actual knowledge of its falsity, or reckless disregard of its truth. This is exactly the standard under which this case was tried, and the "public interest doctrine" and the *Johnston* case provide no support for Defendant's motion.

Although the Fourth Circuit's interpretation of the North Carolina Court of Appeals' decision in *Angel v. Ward* allowed the Defendant to prevail, to contend that such interpretation would have been "clear" to Plaintiff and his attorneys if

they had possessed a minimum level of legal competence is a bit presumptuous since two judges of this court[1] and eight justices of the United States Supreme Court (Justice Powell was ill and not sitting) interpreted the common law of North Carolina to provide only a qualified privilege under the circumstances of this case. The court does not believe that Plaintiff and his attorneys, as well as the judges of this court and the nation's highest court, were so lacking in perspicacity to justify an award of counsel fees on these grounds.

Equally unavailing is counsel's argument that Defendant is entitled to an award of counsel fees "as an effective mechanism in the protection of first amendment rights," as an "integral part of providing protective relief from violations of constitutional rights," and as a deterrent to those who "use the legal process to oppress citizens who have legitimately exercised their first amendment rights." The court finds it puzzling that counsel is contending that Defendant has successfully defended his first amendment rights when this court, the Fourth Circuit Court of Appeals, and the United States Supreme Court held precisely to the contrary. Plaintiff's original complaint filed in the state court in 1981 alleged (thus conceding that Plaintiff would have to prove) that Defendant composed the letters "willfully and maliciously and with evil and wicked intent," that the Defendant knew the letters were false, and that the statements "were made with the specific and malicious intent to harm the Plaintiff." The only first amendment issue Defendant sought to vindicate was his contention that the petition clause of the first amendment provided absolute immunity to a defendant charged with expressing libelous and damaging falsehoods in letters to the President of the United States. The Supreme Court unanimously rejected this argument. *McDonald v. Smith,* 472 U.S. 479, 485, 105 S.Ct. 2787, 2791.

■ Finally, Defendant cites N.C.Gen. Stat. §§ 6–18 and 6–19 as permitting an award of counsel fees in this case. Defendant's reliance is misplaced inasmuch as these statutes provide only for a prevailing party to recover costs traditionally assessed in civil cases. N.C.Gen.Stat. § 6–21.5, not cited by Defendant, does provide for the recovery of counsel fees in narrow circumstances where there is a complete absence of a justiciable issue. However, this statute was not enacted until 1984, and applies only to actions begun after October 1, 1984. *See Sprouse v. North River Ins. Co.,* 81 N.C.App. 311, 344 S.E.2d 555, *disc. review denied,* 318 N.C. 284, 348 S.E.2d 344 (1986). The general rule in North Carolina is that in the absence of statutory authority a court may not include attorney's fees as part of the costs recoverable by a prevailing party. *City of Charlotte v. McNeely,* 281 N.C. 684, 190 S.E.2d 179 (1972). Regardless, this case clearly does not fall into the category of cases which have allowed the assessment of counsel fees where the court has found the action to be frivolous or in bad faith.

Defendant's motion for attorney's fees will be denied.[2]

---

1. Judge Gordon originally considered the Defendant's motion under Rule 12(b)(6), Fed.R.Civ.P., and in his memorandum opinion and order of March 19, 1982, rejected the argument that *Angel v. Ward* was authority for extending an absolute privilege to communications made to an appointing power regarding the character and qualifications of a candidate for public office.

2. Despite the obvious temptation Plaintiff's counsel may have to seek relief under Rule 11, Fed.R.Civ.P., as a result of Defendant's current motion, the court will not look with favor on any further proceedings in this matter.