[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS MOTION FOR SUMMARY JUDGMENT
This is an action brought by the plaintiff Maldo MacDonald against the defendants Atlantic Airlines Inc., Edward Knapp and Marketcorp, Wings, Inc. (collectively referred to as "Atlantic") and defendant Marketing Corporation of America (hereinafter referred to as "Marketing") for damages as a result of alleged defamation. The defamation allegedly took place during an investigation by the Federal Aviation Administration (FAA) of the qualifications of the plaintiff who was a probationary employee and constituted statements made to the FAA in response to its investigation. The defendants have filed motion for summary judgment.
I CT Page 8610
Atlantic Motion for Summary Judgment
The principal issue raised by this motion for summary judgment is whether the statements published by the defendants were protected by an absolute privilege.
The Atlantic defendants first claim the statements allegedly made were absolutely privileged because they were made in connection with a quasi-judicial proceeding of the FAA. It is clear that our Supreme Court has extended an absolute privilege to the publication of defamatory matters before a quasi-judicial administrative board such as the FAA. Petyan v. Ellis, 200 Conn. 243,247 (1986). Nevertheless, the inquiry does not end there. The privilege only extends to the publication of statements to the quasi-judicial administrative board "provided such statements have some relation to the quasi-judicial proceeding." Magnan v. Anaconda Industries, Inc., 37 Conn. 38, 45 (1980).
In the present case the FAA was not in the process of performing its quasi-judicial functions, but was merely carrying on an in-house investigation of a personnel matter pertaining to one of their employees. The privilege was not designed to protect statements published in such proceedings. "The privilege is "`. . . founded on public policy, which requires that a judge in dealing with the matter before him, a party in preparing or resisting a legal proceeding, and a witness in giving evidence in a court of justice, shall do so with his mind uninfluenced by the fear of an action for defamation or a prosecution for libel." Kennedy v. Hilliard, 10 Ir. C.L. Rep., 195. . . .'" Blakeslee Sons v. Carroll, 64 Conn. 223, 232 (1984). So, for example, it could hardly be said that statements made to the FAA during the course of the purchase of a computer for its operations would be privileged. Although there is authority to the contrary; Angel v. Ward, 43 N.C. App. 288, 258 S.E.2d 788 (1979); this court is unwilling to extend the privilege to every communication made to such quasi-judicial agencies. The privilege must be limited to the publication of those statements made in connection with those activities of the agency that are judicial or quasi-judicial — that is, only those functions in which the agency is applying the law to the facts within the scope of its judicial authority. See, Prosser, Torts 4th Ed., 114.
Next, the Atlantic defendants claim consent as a defense. This clearly raises a factual determination which can only be decided in a plenary hearing. "The burden of establishing the absence of a genuine issue of material fact and the entitlement to recovery as a matter of law lies with the moving party." Zapata v. Burns, 207 Conn. 496, 502 (1988).
Marketing Motion for Summary Judgment CT Page 8611 Likewise, the motion for summary judgment filed by the defendant Marketing can not be granted. The plaintiff in his counter affidavit raises questions of fact which can only be decided at a full trial.
 III
Accordingly, the motions for summary judgment filed by the defendants, Atlantic Airlines, Marketcorp. Wings, Inc. and Edward Knapp and the defendant Marketing Corp. of America are denied.
ROBERT I. BERDON, JUDGE